Mia S. Blackler (SBN 188112)
Laura L. Lutz (SBN 313527)
LUBIN OLSON & NIEWIADOMSKI LLP
The Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, California 94111
Telephone:  (415) 981-0550
Facsimile:   (415) 981-4343
mblackler@lubinolson.com
llutz@lubinolson.com

Attorneys for Plaintiff FROME WYE LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| FROME WYE LIMITED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOSIE RICE LLP, a California limited liability partnership; SPENCER HOSIE, an individual; DIANE RICE, an individual,<br><br>　　　　　Defendants. | Case No. 4:23-cv-06153-KAW<br><br>**PLAINTIFF FROME WYE LIMITED'S NOTICE OF MOTION AND MOTION FOR TEMPORARY RESTRAINING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing:　TBD<br><br>Trial Date:　　　Not set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

　　　　PLEASE TAKE NOTICE THAT on a date and time to be determined, or as soon as the matter may be heard, before the judge to be assigned of the United States District Court for the Northern District of California located at 1301 Clay Street, Oakland, California 94612, in the courtroom of the assigned judge, Plaintiff Frome Wye Limited ("Frome Wye") will and does move this Court for a temporary restraining order against Defendants, and persons working in concert with or at their direction, restraining them from taking any action to disburse, transfer and/or dissipate $1,817,000 of the sale proceeds of a pending sale of 331 Golden Gate Avenue, Belvedere, California (the "Property") outside of escrow pending further order of this Court, if the sale of the Property closes.  The sale of the Property is

1 | presently scheduled to close on Friday, December 1, 2023.

2 |     This motion is brought on the grounds that Defendants are wrongfully
3 | depriving Frome Wye of a portion of the anticipated sale proceeds of the Property to
4 | which it is entitled to recover under its perfected, third lien position deed of trust
5 | lien that secures the Defendants' obligations under a Law Firm Funding Agreement
6 | with Frome Wye.  Frome Wye is likely to succeed on the merits, it will imminently
7 | suffer irreparable harm absent injunctive relief to protect the portion of the sale
8 | proceeds to which it is entitled, and the balance of equities favors immediate
9 | injunctive relief.

Dated: November 29, 2023        LUBIN OLSON & NIEWIADOMSKI LLP

By:    /s/ Mia S. Blackler
      Mia S. Blackler
      Attorneys for Plaintiff FROME WYE
      LIMITED

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF THE ARGUMENT

Plaintiff Frome Wye Limited ("Frome Wye") holds a perfected, third priority lien position deed of trust that is secured against residential real property located at 331 Golden Gate Avenue in Belvedere, California (the "Property"), which deed of trust lien secures Defendants' obligations to Frome Wye under their Law Firm Funding Agreement ("LFFA").  Defendants Spencer Hosie ("Hosie") and Diane Rice ("Rice" and together with Hosie, "Partners") own the Property and are attempting to close its sale on Friday, December 1, 2023 around Frome Wye's perfected deed of trust lien, favoring themselves and creditors with ostensibly junior lien positions to Frome Wye instead of directing payment to Frome Wye when the sale closes, which is contrary to federal and state lien priority law and Defendants' contractual payment obligations to Frome Wye.

Frome Wye has diligently tried to avoid judicial action and obtain payment of the amounts it is owed through escrow ($1,817,000 for purposes of the sale), but Frome Wye is now left with no other alternative in the face of the December 1, 2023 sale to ask this Court to enjoin Defendants and their agents from disbursing $1,817,000 of the sale proceeds pending determination of Frome Wye's (or Defendants' or other creditors') claims to these funds.  Should the sale close and all funds are disbursed and dissipated as presently scheduled, then Frome Wye will be irreparably harmed by not receiving any of the sale proceeds, and Frome Wye's chance of recouping the funds to which it is rightfully entitled will be difficult if not impossible to claw back, and certainly costly in terms of time and expense.  In contrast, having a portion of the sale proceeds held back and segregated in escrow pending further court order will allow all interested parties to participate and for this Court to rule on Frome Wye's and the interested parties' rights to the set-aside sale proceeds.

//

## II.   FACTUAL BACKGROUND

### A.   The LFFA and the Third Position Deed of Trust

Frome Wye is a litigation finance business. Declaration of Steven Friel ("Friel Decl."), ¶ 1. In September 2018, Frome Wye and Defendants Firm and Partners entered into the LFFA, through which Firm obtained funding from Frome Wye and which provided a maximum funding level of $2,000,000. Friel Decl., ¶ 2-3, Exh. 1 at §1.9.

Pursuant to the LFFA, Frome Wye was granted a continuing, third priority, perfected security interest in the "Partner Collateral" and all proceeds thereof. Friel Decl., ¶ 4, Exh. 1 at §§ 11.1.3, 13.6. Section 1.23 of the LFFA defines "Partner Collateral" as "all present and future right, title and interest of either Partner[1] (or both Partners) in 331 Golden Gate Avenue, Belvedere, CA 94920." This security interest was evidenced by a recorded Deed of Trust with Assignment of Rents dated October 10, 2018, and recorded on October 11, 2018 in the Official Records of the Marin County Recorder's Office ("DOT"). Friel Decl., ¶ 4, Exh. 2.

The DOT was junior to two previously-recorded deed of trust liens in favor of First Republic Bank and the Perkins Coie law firm, consistent with the third priority, perfected security interest granted to Frome Wye under Sections 11.1.3 and 13.6 of the LFFA. Friel Decl., Exh. 5.

Partners have apparently failed to pay their state and federal income taxes, and <u>after</u> the DOT was recorded, the California Franchise Tax Board ("FTB") and the Internal Revenue Service ("IRS") recorded notices of tax liens against the Property. Request for Judicial Notice ("RJN"), Exhs. 1-3; Friel Decl., ¶ 6 and Exh. 3. The FTB recorded its Notice of Tax Lien on January 25, 2019. RJN, Exh. 1. The IRS' Notices of Federal Tax Lien recorded in January and October 2020. RJN, Exhs. 2-3.

---

[1] Pursuant to the LFFA, Hosie and Rice are the defined Partners.

**B.     The Firm Drawdowns and Repayment Triggers on the LFFA Facility**

After entering into the LFFA, Firm drew down on the facility.  Initially, Firm drew down a total of $550,000 between October 18, 2018 and December 7, 2018, and a further $800,000 between January 4, 2019 and April 2, 2019.  No funds were disbursed thereafter.  Friel Decl., ¶ 7.

When it settled a case in or around December 2018 (the "Master Objects Case"), Firm was obligated to make an interim repayment to Frome Wye under Sections 1.16, 1.31 and 13 of the LFFA, and did so on December 19, 2018.  Friel Decl., Exh. 1.  Firm was then able to continue making drawdowns on the facility after that, and did so, with the first drawdown in 2019 being on January 4, 2019.  Friel Decl., ¶ 8.  Neither Firm nor Partners claimed that Frome Wye's security interest was not perfected, or inchoate, in 2018 or in connection with the Master Objects Case, or at any time before or after, right up until November 2023.  No repayments have been made since December 2018.  *Id.*

On July 25, 2019, Hosie informed Frome Wye that a provisional settlement had been reached on one of the Contingency Cases which is referenced in Section 1.33 of the LFFA (the "Space Data Case").  From that date onwards right up until the JAMS arbitration referred to below, Hosie routinely admitted the amounts outstanding under the LFFA and repeatedly indicated that repayment would be forthcoming.  However, no such payment has ever been made.  Moreover, shortly after July 25, 2019, Defendants repeatedly breached the LFFA, including breaching sections 3.4, 9.3.2 to 9.3.4 and 13.5 of the LFFA by failing to provide Frome Wye with accurate information about the Space Data settlement specifically, and generally in relation to the LFFA.   Friel Decl., ¶ 9.

Following a fee dispute between Firm and its client on the Space Data Case, Firm was awarded $4.5 million in a final award (the "Space Data Award") dated January 16, 2020.  Similar to the Master Objects Case, this event triggered a repayment obligation to Frome Wye under Sections 1.16, 1.31 and 13 of the LFFA,

but no payment was received.  Friel Decl., ¶ 10.

It is highly likely that there have been multiple repayment triggers throughout the period from October 2018 to the present that have not been disclosed to Frome Wye, and that Defendants have wrongly withheld from Frome Wye.  Friel Decl., ¶¶ 11-13.

### C. The Firm Defaults on the LFFA and Admits the Amounts Owed

When Firm failed and refused to pay the amounts owing to Frome Wye relating to the Space Data Case, Frome Wye commenced a nonjudicial foreclosure proceeding on August 19, 2020 by recording a notice of default against the Property ("Notice of Default").  Friel Decl., Exh. 4.  At that time, the sum of $1,156,723.48 was due and owing to Frome Wye as set forth in the Notice of Default, consisting of $800,000 in principal and $356,723.48 in accrued interest.  *Id.*

On August 20, 2020, Frome Wye and Partners had a telephone call during which Hosie stated that Firm and Partners do not dispute the debt and agreed to pay it.  Friel Decl., ¶ 15.

### D. JAMS Arbitration Commences

Subsequently, Firm and Partners commenced a JAMS arbitration against Frome Wye on September 9, 2020 (the "Arbitration") pursuant to Section 18.12 of the LFFA for the purpose of challenging whether the Space Data Award triggered a repayment obligation to Frome Wye under the LFFA, and to enjoin Frome Wye from completing its foreclosure proceeding, which was suspended.  Friel Decl., ¶ 16.

On or about July 3, 2021, the JAMS arbitral tribunal issued an Order finding that "under the unambiguous terms of the LFFA, the amount awarded to [Firm] in the fee arbitration between [Firm] and Space Data is Gross Revenue and a Revenue Event which gives rise to a repayment obligation."  Thereafter, on May 17, 2022, the JAMS arbitral tribunal issued its Final Award, confirming Firm's debt to Frome Wye as of May 17, 2022 as: "the amount of $800,000 plus interest of $1,267,200

less credits of $250,200 for a total of $1,817,000." Friel Decl., Exhs. 5-6.

On June 1, 2022, Frome Wye filed a Petition for Confirmation of Arbitration Award in the related case, *Frome Wye Limited v. Hosie Rice LLP, et al.*, United States District Court for the District of Delaware, Case No. 1:22-MC-00249-CFC-SRF (the "Related Case"). Friel Decl., ¶ 19. The Arbitration Award was confirmed in favor of Frome Wye on September 18, 2023 by the United States District Court of the District of Delaware. RJN, Exh. 7.

**E.    The Imminent Sale of the Property**

In February and May of 2023, the lenders with deed of trust lien positions senior to that of Frome Wye, First Republic Bank (which interest was subsequently assigned) and Perkins Coie, recorded notices of default against the Property and began their respective nonjudicial foreclosure proceedings. RJN, Exhs. 4-6. As of the date of this filing, the foreclosure sale of the Property is set for December 7, 2023. Blackler Decl., ¶ 3; Friel Decl., ¶ 20.

In the face of multiple nonjudicial foreclosure proceedings against the Property, Partners marketed the Property for sale and went into contract for sale as of November 2, 2023. Blackler Decl., ¶ 4; Friel Decl., ¶ 21.

Frome Wye immediately contacted Firm's counsel in the Delaware action to find out if Frome Wye's lien would be paid through the sale. Despite repeated requests, Frome Wye did not receive confirmation about the pending sale, or where it was escrowed until November 21, 2023, when Firm's counsel emailed Frome Wye an Estimated Sellers' Statement prepared by Fidelity National Title, showing that the sale is scheduled to close on or around December 1, 2023. Friel Decl., ¶ 21-22 and Exh. 7.

As set forth in the Estimated Sellers' Statement and as communicated to Frome Wye, Defendants are attempting to close the sale of the Property without payment of the $1,817,000 demanded by and owing to Frome Wye under the DOT which secures Firm's and Partners' obligations under the LFFA. Friel Decl., Exh. 7.

Frome Wye is owed in excess of the $1,817,000, but agreed to accept this amount from escrow.  Blackler Decl., ¶¶ 5-6 and Exh. B.  Payment of this lien would allow junior creditors to be paid as well, although perhaps not in full given the size and age of the IRS lien.  However, given the nature of the IRS lien, any remainder will continue to follow the Partners until it is paid in full.  Blackler Decl., ¶ 7 and Exh. C.

### III.  LEGAL STANDARD

A party moving for a temporary restraining order "must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest." *Idaho v. Coeur D'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015).  The Court may apply a "sliding scale" approach that considers how "serious questions going to the merits" compare to the balance of hardships.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011).

### IV.  A TEMPORARY RESTRAINING ORDER SHOULD ISSUE TO PROTECT A PORTION OF SALE PROCEEDS PENDING FURTHER DETERMINATION

**A.  Frome Wye is Highly Likely to Succeed on the Merits**

As set forth above and in the accompanying affidavits, Frome Wye has a continuing, perfected third lien priority position deed of trust lien secured against the Property.  Defendants voluntarily gave Frome Wye the DOT in 2018 when they entered into the LFFA and subsequently benefited from it.  Over the years, Defendants drew down the facility, and in 2018 repaid Frome Wye.  Defendants drew down the facility again in 2019 but this time never repaid Frome Wye when Firm's repayment obligations were triggered under the LFFA.  Defendants did not dispute Frome Wye's lien secured against the Property and acknowledged the debt owed to Frome Wye until the JAMS arbitration, which Defendants have since lost.

It is anticipated that Defendants will argue that Frome Wye's deed of trust lien secured against the Property is somehow inchoate, but that argument is disingenuous at best because Defendants recognized the debt owed and repaid Frome Wye back in <u>2018</u>. In addition, Frome Wye's lien did not somehow lose its choate status between its creation and recordation in 2018 and the present date in that (1) Frome Wye was a secured party, (2) the Property was subject to Frome Wye's perfected lien, and (3) amounts were owed. Furthermore, Defendants agreed to give Frome Wye a continuing and perfected third priority security interest against the Property in the form of the DOT under Sections 11.1.3 and 13.6 of the LFFA. Moreover, perfection of a recorded deed of trust against real property does not come and go. California Civil Code §§ 1214-1215.

Frome Wye is therefore highly likely to succeed on the merits of its claim to $1,817,000 of the sale proceeds.

**B.    Frome Wye will Suffer Irreparable Harm**

A party seeking a temporary restraining order must demonstrate that "irreparable injury is likely in the absence of an injunction." *Disney Enter., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 865 (9th Cir. 2017) (emphasis omitted). To establish irreparable harm, a movant must generally show that the injury cannot be adequately compensated by monetary damages. 15 U.S.C. § 26. A threat of irreparable harm is "sufficiently immediate to warrant preliminary injunctive relief if the plaintiff is likely to suffer irreparable harm before a decision on the merits can be rendered." *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1023 (9th Cir. 2016) (citation and quotation marks omitted).

Frome Wye has experienced—and continues to experience—irreparable harm because of Defendants' bad acts. Indeed, this emergency is created solely at the hands of Defendants. Let alone that they are well aware of their unpaid debts, they have failed and refused to make arrangements to get the Frome Wye lien paid through escrow, and presumably have instructed their agents not to communicate

02982.00002/1330987                                         9                                 Case No. 4:23-CV-06153-KAW
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TEMPORARY RESTRAINING ORDER; MPA

with counsel.  Blackler Decl., ¶¶ 4, 6, 8.  Frome Wye is owed payment for years, and it has priority over the junior taxing authorities.  It will be costly and expensive for Frome Wye to suffer the burden of having to claw back sums from the junior creditors (or Defendants) if the sale closes and the funds are disbursed as scheduled on the Estimated Sellers' Statement.  If Defendants are not immediately enjoined, Defendants will close the sale of the Property and will disburse the sale proceeds as scheduled on the Estimated Sellers' Statement, without paying Frome Wye.  Thus, Frome Wye will (1) lose the opportunity to be paid what it is owed, and (2) be required to take on the burden of clawing back sums from the junior lienholders (or Defendants), and will likely have to bring a multiplicity of lawsuits in order to get paid what it is owed.  These injuries will be complete upon the disbursal of the sale proceeds.  Moreover, the irreparable harm to Frome Wye is imminent as the sale is set to close in two days on December 1, 2023.  Friel Decl., ¶¶ 24-27.

**C.    The Balance of the Equities Weighs in Frome Wye's Favor**

The balance of harms here clearly weighs in Frome Wye's favor.  If the sale closes and all proceeds are disbursed as Defendants have presently scheduled them with escrow, Defendants will suffer no harm, and indeed the Estimated Sellers' Statement suggests that Partners will receive over $130,000 from the proceeds.  Friel Decl., Exh. 7.  In sharp contrast, if immediate injunctive relief is not granted, Frome Wye will lose its best opportunity to be paid and it will be deprived of $1,817,000 of sale proceeds to which it is entitled under its DOT and the LFFA.  If injunctive relief is granted, the harm to Defendants is both temporary and minimal because the set-aside proceeds would be preserved in escrow until further order of this Court adjudicating the interested parties' and lienholder's respective rights as to the set-aside proceeds.

//

//

**D.    THE PUBLIC INTEREST SUPPORTS THE TEMPORARY RESTRAINING ORDER OR IS NEUTRAL**

It is in the public interest that real estate-related lien priorities and perfection of liens are respected. Where an injunction's reach is narrow and affects only the parties with no impact on nonparties, "the public interest will be at most a neutral factor in the analysis rather than one that favors granting or denying" an injunction. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1139 (9th Cir. 2009) (internal quotes and brackets omitted).

Here, enjoining Defendants from dissipating a portion of the sale proceeds impacts only the parties to this action. Plaintiff is not seeking to enjoin the sale of the Property itself, but only to segregate and set aside a portion of the sale proceeds to which Frome Wye claims it is entitled. While temporarily setting aside a portion of the sale proceeds might impact lienholders who appear on title to be junior to Frome Wye's deed of trust lien (namely, the FTB and IRS), their respective interests, and that of Frome Wye, would attach to the set-aside proceeds in the same priority as they are on title, to be adjudicated by this Court at a future date (or if a stipulation is reached subject to this Court's approval).[2]

**V.    FROME WYE SHOULD NOT BE REQUIRED TO FILE AN UNDERTAKING**

Given that Frome Wye is seeking to set aside sums to which it is entitled, the Court should exercise its discretion and not require Frome Wye to file an undertaking in order to obtain the requested temporary restraining order.

As an initial matter, the LFFA specifically provides that no bond or

---

[2] And ever since Frome Wye submitted its escrow demand on November 22, 2023, it has sent courtesy notices to Defendants' listing and escrow agents, and to the FTB and the IRS about its actions. Defendants' agents and the taxing authorities are being served with this motion as well. Blackler Decl., ¶¶ 5-6.

undertaking shall be required for the issuance of a temporary, preliminary or permanent injunction. Friel Decl., Ex. 1 at § 18.5 ("… Funder shall be entitled to enforce any provision of this Agreement by a decree of specific performance and to temporary, preliminary, and permanent injunctive relief to prevent breaches or threatened breaches of any of the provisions of this Agreement, without posting any bond or other undertaking.").

Moreover, given that Defendants owe Frome Wye $1,817,000 for purposes of the sale proceeds, if the Court believes that Frome Wye should file an undertaking, any undertaking should be minimal at best because Defendants would suffer little to no monetary damages as a result of a short delay in setting aside a portion of the sale proceeds but allowing the sale to close, with the adjudication of the interested parties' rights to the set-aside proceeds to be determined subsequently by this Court.

## VI.   CONCLUSION

Frome Wye is not asking to enjoin the sale of the Property, but to temporarily set aside a portion of the sale proceeds to allow for the proper determination of Frome Wye's (and/or Defendants' or other competing lienholders') rights to those sums. Indeed, Frome Wye welcomes a sale of the Property as its best chance to be paid on a longstanding debt owed by Defendants. Frome Wye respectfully requests that this Court prevent the significant and irreparable harm that Frome Wye will suffer if its perfected deed of trust lien secured against the Property is ignored and the sale proceeds are disbursed and dissipated.

Dated:  November 29, 2023          LUBIN OLSON & NIEWIADOMSKI LLP


                                   By:    /s/ Mia S. Blackler
                                          Mia S. Blackler
                                          Attorneys for Plaintiff FROME WYE
                                          LIMITED