Mia S. Blackler (SBN 188112)
Laura L. Lutz (SBN  313527)
LUBIN OLSON & NIEWIADOMSKI LLP
The Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, California 94111
Telephone:  (415) 981-0550
Facsimile:   (415) 981-4343
mblackler@lubinolson.com
llutz@lubinolson.com

Attorneys for Plaintiff FROME WYE
LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| FROME WYE LIMITED,<br><br>               Plaintiff,<br><br>          v.<br><br>HOSIE RICE LLP, a California limited liability partnership; SPENCER HOSIE, an individual; DIANE RICE, an individual,<br><br>               Defendants. | Case No.  4:23-cv-06153-KAW<br><br>**PLAINTIFF FROME WYE LIMITED'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Hearing:  TBD<br><br>Trial Date:          Not set |

## **REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, Plaintiff Frome Wye ("Frome Wye"), by and through its attorney, respectfully requests that the Court take judicial notice of the following exhibits attached hereto and submitted in connection with the Motion for Temporary Restraining Order filed by Frome Wye.

Exhibit 1:    Notice of State Tax Lien dated January 17, 2019 and recorded on January 25, 2019 in the Official Records of the Marin County Recorder's Office as Document No.  2019-0002334.

Exhibit 2:    Notice of Federal Tax Lien recorded on January 7, 2020 in the Official Records of the Marin County Recorder's Office as Document No. 2020-0000688.

<u>Exhibit 3</u>: Notice of Federal Tax Lien recorded on October 23, 2020 in the Official Records of the Marin County Recorder's Office as Document No. 2020-051725.

<u>Exhibit 4</u>: Notice of Default and Election to Sell Under Deed of Trust dated February 1, 2023 and recorded on February 14, 2023 in the Official Records of the Marin County Recorder's Office as Document No. 2023-0002794.

<u>Exhibit 5</u>: Notice of Default and Election to Sell Under Deed of Trust, Assignment of Rents and Request for Special Notice Under California Civil Code Section 2924B dated May 8, 2023 and recorded on May 9, 2023 in the Official Records of the Marin County Recorder's Office as Document No. 2023-0011529.

<u>Exhibit 6</u>: Notice of Trustee's Sale recorded on October 18, 2023 in the Official Records of the Marin County Recorder's Office as Document No. 2023-0027399.

<u>Exhibit 7</u>: Order filed on September 18, 2023 in *Frome Wye Limited v. Hosie Rice, et al.*, United States District Court of the District of Delaware, Case No. 1:22-mc-00249-CFC-SRF.

## **ARGUMENT**

The documents recorded by the Marin County Recorder's Office and the order filed in the Delaware District Court Action are properly subject to judicial notice. Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of a fact that is "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Accordingly, the Court may take judicial notice of the documents recorded by the Marin County Recorder's Office because each document is publicly available, is central to the allegations of the Complaint and the basis of this Motion for

Temporary Restraining Order, and Defendants cannot reasonably dispute any of the documents' authenticity.

Further, judicially noticed facts often consist of matters of public records, such as prior court proceedings. *See U.S. v. Southern Calif. Edison Co*., 300 F.Supp.2d 964, 973 (E.D. Cal. 2004) (citations omitted). Federal courts may also "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Here, the order in the Delaware District Court Action is related to the present case because it is evidence of the debt Defendants owe to Frome Wye.

<u>**CONCLUSION**</u>

For the foregoing reasons, Frome Wye respectfully requests that the Court should take judicial notice of Exhibits 1-6 and consider them when ruling on Frome Wye's Motion for Temporary Restraining Order.

Dated:  November 29, 2023                  LUBIN OLSON & NIEWIADOMSKI LLP


By:     /s/ Mia S. Blackler
Mia S. Blackler
Attorneys for Plaintiff FROME WYE
LIMITED

# EXHIBIT 1



Recording Requested by

STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
Sacramento CA  95812-2952

*And When Recorded Mail to*

Special Procedures Section
PO BOX 2952
Sacramento CA  95812-2952



**2019-0002334**

| Recorded | REC FEE | 0.00 |
|---|---|---|
| Official Records | | |
| County of | | |
| Marin | | |
| SHELLY SCOTT | | |
| Assessor-Recorder | | |
| County Clerk | RS | |
| 11:01AM 25-Jan-2019 | Page 1 of 1 | |

## Notice of State Tax Lien

Filed With:    MARIN                          Certificate Number:        19017336690

The Franchise Tax Board of the State of California hereby certifies that the following named taxpayer(s) is liable under parts 10 or 11 of Division 2 of the Revenue and Taxation Code to the State of California for amount due and required to be paid by said taxpayer(s) as follows:

Name of Taxpayer(s)       : SPENCER HOSIE
                                    DIANE S RICE


FTB Account Number        : 1210562991

Social Security Number(s)  : XXX-XX-3005  XXX-XX-1997

Last Known Address         : 331 GOLDEN GATE AVE
                                    : BELVEDERE, CA  94920-2444

For Taxable Years            : 2017

Total Lien Amount *          : $619,232.46

Further interest and fees will accrue at the rate prescribed by law until paid; that the Franchise Tax Board of the State of California complied with all of the provisions of parts 10 or 11 of Division 2 of the Revenue and Taxation Code of the State of California in computing, levying, determining and assessing the tax; the said amounts are due and payable and have not been paid. Said lien attaches to all property and rights to such property now owned or later acquired by the taxpayer.

IN WITNESS WHEREOF, the Franchise Tax Board of the State of California has duly authorized the undersigned to execute this Notice in its name.

Dated: 01/17/19                              FRANCHISE TAX BOARD
                                                    of the State of California

Collection Bureau
Telephone Number: (916) 845-4350         By: *Jozel S Brunett*

                                                    Authorized facsimile signature.

*Additional interest is accruing at the rate prescribed by law.

FTB 2930 V1 M ARCS (REV 06-2017)

# EXHIBIT 2



Recording Requested By Internal Revenue
Service. When recorded mail to:

INTERNAL REVENUE SERVICE
PO BOX 145595, STOP 8420G
CINCINNATI, OH  45250-5585

**2020-0000688**

Recorded
Official Records
County of
Marin
SHELLY SCOTT
Assessor-Recorder
County Clerk

REC FEE        14.00

RS
Page 1 of 1

11:20AM 07-Jan-2020

For Optional Use by Recording Office

| **Form 668 (Y)(c)**<br>(Rev. February 2004) | 1748 Department of the Treasury - Internal Revenue Service<br>## Notice of Federal Tax Lien |
|---|---|

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #6<br>Lien Unit Phone: (800) 913-6050 | Serial Number<br>399357319 |
|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer SPENCER HOSIE & DIANE S RICE

| Residence | 331 GOLDEN GATE AVE<br>BELVEDERE, CA 94920-2444 |
|---|---|

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2017 | XXX-XX-3005 | 02/18/2019 | 03/20/2029 | 2466446.52 |

| Place of Filing | COUNTY RECORDER<br>Marin COUNTY<br>SAN RAFAEL, CA 94903 | Total | $ | 2466446.52 |
|---|---|---|---|---|

This notice was prepared and signed at _____ OAKLAND, CA _____ , on this,
the ___24th___ day of ___December___ , ___2019___.

| Signature<br>for JENNIFER D TARBLE | Title<br>REVENUE OFFICER<br>(916) 974-5042 | 26-13-3020 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 1 - Kept By Recording Office**

Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X

# EXHIBIT 3

Recording Requested By Internal Revenue Service. When recorded mail to:

INTERNAL REVENUE SERVICE
PO BOX 145595, STOP 8420G
CINCINNATI, OH 45250-5585



**2020-0051725**

Recorded
Official Records
County of
Marin
SHELLY SCOTT
Assessor-Recorder
County Clerk

06:30AM 23-Oct-2020

REC FEE          14.00

SO
Page 1 of 1

For Optional Use by Recording Office

| Form 668 (Y)(c) | 1833 Department of the Treasury - Internal Revenue Service |
|---|---|
| (Rev. February 2004) | **Notice of Federal Tax Lien** |

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #6 | Serial Number |
|---|---|
| Lien Unit Phone: (800) 913-6050 | 417086020 |

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer SPENCER HOSIE & DIANE RICE

Residence          331 GOLDEN GATE AVE
                   BELVEDERE, CA 94920-2444

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2018 | XXX-XX-3005 | 03/02/2020 | 04/01/2030 | 487021.21 |

| Place of Filing | | | |
|---|---|---|---|
| | COUNTY RECORDER Marin COUNTY SAN RAFAEL, CA 94903 | Total | $ 487021.21 |

This notice was prepared and signed at _____OAKLAND, CA_____ , on this,
the ___06th__ day of __October__ , 2020.

| Signature | Title |
|---|---|
| *[signature]* | REVENUE OFFICER          26-13-3020 |
| for JENNIFER D TARBLE | (916) 974-5042 |

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 1 - Kept By Recording Office**

Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X

# EXHIBIT 4

2378006441
## 2023-0002794

| Recorded | | REC FEE | 26.00 |
| Official Records | | | |
| County of | | SB2 HOUSING | 75.00 |
| Marin | | DA FRAUD FEE | 10.00 |
| SHELLY SCOTT | | | |
| Assessor-Recorder | | | |
| County Clerk | | | |
| | | JM | |
| 02:43PM 14-Feb-2023 | | Page 1 of 5 | |

**Recording Requested By**

Simplifile

**and When Recorded Mail to:**

FIDELITY NATIONAL TITLE INSURANCE COMPANY
5170 Golden Foothill Parkway, Suite 130
El Dorado Hills, CA 95762

Trustee Sale No: 23-00037-2FNT
Loan No: ******995/Hosie

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

*(The above statement is made pursuant to CA Civil Code §2923.3(c)(1). The Summary will not be recorded pursuant to CA Civil Code §2923.3(a). It will be mailed to the Trustor(s) and/or vested owner(s) only, pursuant to CA Civil Code §2923.3(c)(2).)*

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).**

**This amount is $375,290.08 as of February 1, 2023, and will increase until your account becomes current.**

**While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all**



senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

CitiMortgage, Inc.
c/o First Republic Bank, servicing agent
111 Pine Street
San Francisco, CA 94111
Phone: 415-296-3550

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

**NOTICE IS HEREBY GIVEN:** That default has been declared by CitiMortgage, Inc., the current beneficiary under that certain Deed of Trust dated as of July 17, 1997, executed by Spencer Hosie and Diane S. Rice, husband and wife, as trustor (the "Original Trustor"), to secure obligations in favor of First Republic Savings Bank, as beneficiary (the "Original Beneficiary"), recorded on July 24, 1997, as Instrument No. 97-039365 of official records in the office of the Recorder of Marin County, California (the "Original Deed of Trust"), and that

The Original Deed of Trust and any modifications thereto are collectively referred to herein from time to time as the "Deed of Trust", and that

The Deed of Trust encumbers certain property more particularly described therein (the "Trust Property"), and that

The Deed of Trust secures the payment of and the performance of certain obligations, including but not limited to, the obligations set forth in that certain Adjustable Rate Note with a face amount of $1,600,000.00 (the "Original Note"), and that

The Original Note, together with all renewals of, extensions of, modifications of, refinancing of, consolidations of, and substitutions for the Original Note are collectively

referred to herein from time to time as the "Note", and that

The Note and any other documents evidencing the obligations secured by the Deed of Trust, together with any modifications thereto, are collectively referred to herein from time to time as the "Secured Obligations", and that

The term "Trustor" as used herein shall mean either the Original Trustor under the Deed of Trust or, if applicable, its successors in interest, and that

The term "Trustee" as used herein shall mean the Original Trustee under the Deed of Trust or, if applicable, its successors in interest, and that

The term "Beneficiary" as used herein shall mean the Original Beneficiary under the Deed of Trust or, if applicable, its successors in interest, and that

Capitalized terms not defined herein shall have the same meaning as those in the Note, Secured Obligations, the Deed of Trust and/or any other loan documents, and that

A breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the Trustor has failed to perform obligations pursuant to or under the Secured Obligations and/or the Deed of Trust, specifically: failed to pay payments which became due; and all subsequent payments; together with late charges due; and that

The Trustor has failed, or shall hereafter fail, to pay all other and subsequent interest and/or principal together with late charges and/or default interest and/or any and all other obligations and indebtedness as may become due under the terms of or under the Secured Obligations and/or Deed of Trust and not performed and/or paid including, without limitation, reimbursement to the Beneficiary and/or the Trustee of any of the following fees, costs and expenses heretofore or hereafter incurred, suffered or paid by the Beneficiary and/or the Trustee in connection with the Secured Obligations and/or Deed of Trust, the Trustor or the Trust Property:

1. Attorneys' fees and costs including, without limitation, those incurred in connection with foreclosure of the Deed of Trust, appointment of a receiver with respect to the Trust Property, litigation over the amount, validity, enforcement or priority of the Secured Obligations and/or Deed of Trust, or commencement of an action or proceeding for relief from any bankruptcy court or other judicial or administrative stay, order or injunction, and all other such matters;
2. Real and/or personal property taxes, or payments under or with respect to prior or junior liens or encumbrances, insurance premiums and all other such matters;
3. Protection, preservation, repairs, restoration or completion of the Trust Property, and all other such matters;
4. Compliance with any applicable laws, regulations or orders, and all other such matters;
5. Trustee's fees, trustee's sale guarantee premiums, and other foreclosure costs, and all other such matters; and that

It is the intention of the Beneficiary to include herein all delinquent sums or obligations now or hereafter secured by and under the Deed of Trust, whether presently known or unknown, and whether or not specifically set forth herein, and that

By reason thereof, the Beneficiary has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to



cause the Trust Property to be sold to satisfy the obligations secured thereby.

Date: February 14, 2023                                              TS #:23-00037-2FNT

**FIDELITY NATIONAL TITLE INSURANCE COMPANY, Trustee**

_____

Jenny Taylor, Authorized Signor

# Declaration of mortgage servicer pursuant to
# Civil Code § 2923.5(b)

Borrower(s): Spencer Hosie, Diane S. Rice
Mortgage servicer: Citimortgage, Inc.
Property Address: 331 Golden Gate Avenue, Belvedere, CA 94920
T.S. No.: 23-00037-2FNT

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ☒ The mortgage servicer has contacted the borrower pursuant to California Civil Code § 2923.5(a)(2) "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☐ Despite the exercise of due diligence pursuant to California Civil Code § 2923.5(e), the mortgage servicer has been unable to contact the borrower to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code § 2920.5.

4. ☐ The requirements of California Civil Code § 2923.5 do not apply because the borrower, mortgage/deed of trust or real property does not meet the criteria described in California Civil Code § 2924.15(a).

5. With respect to California Civil Code § 3273.10:
   ☐ The mortgage servicer received a request for a forbearance in connection with COVID-19 from the borrower, and such request was denied. A copy of the written notice is attached; AND forbearance ☐ was or ☐ was not subsequently provided.

I certify that this declaration is accurate, complete and supported by competent and reliable evidence, which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Dated: _2-14-23_

Mortgage Servicer: First Republic Bank as servicing agent for CitiMortgage, Inc.

By: Linda K. Rohde
Its: Manager, Special Assets



# EXHIBIT 5

2023-0011529

| Recorded | | REC FEE | 23.00 |
| Official Records | | | |
| County of | | SB2 HOUSING | 75.00 |
| Marin | | DA FRAUD FEE | 10.00 |
| SHELLY SCOTT | | | |
| Assessor-Recorder | | | |
| County Clerk | | JM | |
| 07:31AM 09-May-2023 | | Page 1 of 4 | |

**RECORDING REQUESTED BY**

Orange Coast Title

**AND WHEN RECORDED MAIL TO**
Assured Lender Services, Inc.
111 Pacifica
Suite 140
Irvine, CA  92618

Space above this line for recorder's use only

Trustee Sale No. F21-00052 Loan No. Hosie Title Order No. 2296666-05

APN: 060-202-13

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST, ASSIGNMENT OF RENTS AND REQUEST FOR SPECIAL NOTICE UNDER CALIFORNIA CIVIL CODE SECTION 2924B

**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED**
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
**NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO**
**TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP**
**LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY**

**PURSUANT TO CIVIL CODE 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until ninety days from the date this Notice of Default and Election to Sell Under Deed of Trust, Assignment of Rents and Request for Special Notice Under California Civil Code Section 2924b (this "Notice of Default") is recorded (which date of recordation appears on this notice).

This amount is $1,747,550.45 as of 05/08/2023 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted

1

157425923.4

**Trustee Sale No. F21-00052   Loan No. Hosie   Title Order No. 2296666-05**

(which may not be earlier than the end of the ninety day period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in this Notice of Default, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Perkins Coie LLP, a Washington limited liability partnership (the "Beneficiary")**
**c/o Assured Lender Services, Inc.    714/508-7373**
**111 Pacifica, Suite 140**
**Irvine, CA  92618**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

# REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION. NOTICE IS HEREBY GIVEN THAT: Assured Lender Services, Inc. (the "Trustee") is
either the original trustee, the duly appointed substituted trustee or acting as agent for the Beneficiary under that certain Deed of Trust, Assignment of Rents and Request for Special Notice Under California Civil Code Section 2924b dated 08/01/2009 (the "Deed of Trust"), executed by Spencer Hosie and Diane Rice, husband and wife, collectively, as trustor, to secure obligations in favor of Perkins Coie LLP, a Washington limited liability partnership, as beneficiary; recorded on 08/25/2009 as Document No. 2009-0049326 of official records in the Office of the Recorder of Marin County, California, as more fully described on the Deed of Trust.

Said obligations include 1 NOTE(S) FOR THE ORIGINAL sum of $2,200,000.00, as such Note was subsequently amended and restated; the beneficial interest under the Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; and a breach of, and default in, the obligations for which the Deed of Trust is security has occurred in that payment has not been made of the following:

The unpaid balance of principal which has become all due and payable, plus interest, default interest, advances, trustee's fees and expenses, legal fees and other collection costs.

Nothing in this Notice of Default should be construed as a waiver of any fees or other amounts owing to the Beneficiary pursuant to the terms of the loan documents.

The Beneficiary hereby elects to conduct a unified foreclosure sale pursuant to the provisions of California Commercial Code Section 9604(a)(1)(B) and to include in the nonjudicial foreclosure of the estate described in this Notice of Default all of the personal property and fixtures described in the Deed of Trust and in any other instruments in favor of the Beneficiary.  The Beneficiary reserves the right to revoke its election as to some or all of said personal property and/or fixtures, or to add additional personal property and/or fixtures to the election herein expressed, at the Beneficiary's sole election, from time to time and at any time until the consummation of the trustee's sale to be conducted pursuant to the Deed of Trust and this Notice of Default.

157425923.4

**Trustee Sale No. F21-00052   Loan No. Hosie   Title Order No. 2296666-05**

That by reason thereof, the Beneficiary, the current beneficiary under the Deed of Trust, has executed and delivered to the Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

California Civil Code Section 2923.5 does not apply. See attached Exhibit "A".

DATE: <u>5/8/23</u>

Assured Lender Services, Inc.

*Cherie Maples*

**Cherie Maples, Vice President of Trustee Operations**

3

157425923.4

## EXHIBIT "A"
## Declaration of Mortgage Servicer Pursuant to

## Civil Code §2923.5(b)

Borrower(s): Spencer Hosie and Diane Rice, husband and wife, collectively
Mortgage Servicer: Perkins Coie LLP, a Washington limited liability company
Property Address: 331 Golden Gate Avenue, Belvedere, CA 94920
T.S. No.: F21-00052

The undersigned, as an authorized agent or employee of the mortgage servicer
named below declares that:

1. ☐ The mortgage servicer has contacted the borrower pursuant to Cal.
   Civil Code §2923.5 (a)(2) to "assess the borrower's financial situation
   and explore options for the borrower to avoid foreclosure." Thirty (30)
   days, or more, have passed since the initial contact was made.

2. ☐ Despite the exercise of due diligence pursuant to Cal. Civil Code
   §2923.5(e), the mortgage servicer has been unable to contact the
   borrower "to assess the borrower's financial situation and explore
   options for the borrower to avoid foreclosure". Thirty (30) days, or
   more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the
   individual(s) did not meet the definition of "borrower" pursuant to
   subdivision (c) of §2920.5.

4. ☒ The requirements of Cal. Civil Code §2923.5 do not apply because
   the borrower, mortgage/deed of trust or real property does not meet the
   criteria described in Cal. Civil Code §2924.15(a).

5. With respect to Cal. Civil Code §3273.10:

   ☐ The mortgage servicer received a request for a forbearance in
   connection with COVID-19 from the borrower, and such request was
   denied. A copy of the written notice is attached; AND forbearance
   ☐ was or ☐ was not subsequently provided.

I certify that this declaration is accurate, complete and supported by competent
and reliable evidence, which the mortgage servicer has reviewed to substantiate
that borrower's default and the right to foreclose, including the borrower's loan
status and loan information.

Perkins Coie LLP, a Washington limited
liability company

Dated: 2/6/22

By: _____
Name: STEVEN M. HEDBERG
Title: Chief Operating Officer

# EXHIBIT 6

**2023-0027399**

| | | |
|---|---|---|
| Recorded | | REC FEE | 23.00 |
| Official Records | | | |
| County of | | SB2 HOUSING | 75.00 |
| Marin | | DA FRAUD FEE | 10.00 |
| SHELLY SCOTT | | | |
| Assessor-Recorder | | | |
| County Clerk | | JM | |
| 01:15PM 18-Oct-2023 | | Page 1 of 4 | |

RECORDING REQUESTED BY

*ORANGE COAST TITLE*

AND WHEN RECORDED MAIL TO

Assured Lender Services, Inc.
111 Pacifica
Suite 140
Irvine, CA 92618·

Space above this line for recorder's use only

Trustee Sale No. F21-00052    Loan No. Hosie    Title Order No. 2296666-05

## NOTICE OF TRUSTEE'S SALE

**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED**
**注：本文件包含一个信息摘要**
**참고사항: 본 첨부 문서에 정보 요약서가 있습니다**
**NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO**
**TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP**
**LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY**

**PURSUANT TO CIVIL CODE 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, ASSIGNMENT OF RENTS AND REQUEST FOR SPECIAL NOTICE UNDER CALIFORNIA CIVIL CODE SECTION 2924B DATED 08/01/2009 AND MORE FULLY DESCRIBED BELOW (THE "DEED OF TRUST"). UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash or cashiers check (payable at the time of sale in lawful money of the United States) (payable to Assured Lender Services, Inc.), will be held by a duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest thereon, as provided in the note(s), advances, under the terms of the Deed of Trust and costs, charges and expenses of the undersigned trustee ("Trustee") for the total amount (at the time of the initial publication of this Notice of Trustee's Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor(s):     **Spencer Hosie and Diane Rice, husband and wife, collectively**

Recorded:      **recorded on 08/25/2009 as Document No. 2009-0049326** of Official Records in the office of the Recorder of **Marin** County, California;

Date of Sale:  **11/16/2023 at 09:30AM**

Place of Sale: **Outside at the Southwest corner of San Rafael City Hall, located at 1400 Fifth Avenue, San Rafael, CA 94901**

Amount of unpaid balance and other charges: **$1,905,031.27**

The purported property address is:    **331 Golden Gate Avenue, Belvedere, CA 94920**

1

090010.0183\32865856.1

Trustee Sale No. F21-00052
Loan No. Hosie
Title Order No. 2296666-05

Legal Description                    **See Exhibit "A" attached hereto and made a part hereof**
Assessors Parcel No.                 **060-202-13**

The beneficiary under the Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell Under Deed of Trust, Assignment of Rents and Request For Special Notice under California Civil Code Section 2924b (the "Notice of Default and Election to Sell"). The undersigned caused the Notice of Default and Election to Sell to be recorded in the county where the real property is located and more than three months have elapsed since such recordation.

The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Trustee's Sale.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to **Section 2924g of the California Civil Code**. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call **(877)440-4460** or visit this internet web-site **www.mkconsultantsinc.com**, using the file number assigned to this case **F21-00052**. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet web-site. The best way to verify postponement information is to attend the scheduled sale.

**NOTICE TO TENANT:** You may have a right to purchase this property after the trustee auction, if conducted after January 1, 2021, pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer" you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call **(877)440-4460** or visit this internet website site **www.mkconsultantsinc.com,** using the file number assigned to this case **F21-00052** to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid, by remitting the funds and affidavit described in Section 2924m(c) of the Civil Code, so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.*

**NOTICE TO POTENTIAL BIDDERS:  WE REQUIRE CERTIFIED FUNDS AT SALE BY CASHIER'S CHECK(S) PAYABLE DIRECTLY TO "ASSURED LENDER SERVICES, INC." TO AVOID DELAYS IN ISSUING THE FINAL DEED.**

090010.0183\32865856.1

Trustee Sale No. F21-00052
Loan No. Hosie
Title Order No. 2296666-05

DATE:  10/18/2023

Assured Lender Services, Inc.

*Cherie Maples*
_____
Cherie Maples, Vice President of Trustee Operations
Assured Lender Services, Inc.
111 Pacifica
Suite 140
Irvine, CA 92618
Phone: (714) 508-7373

**Sales Line:  (877)440-4460**
**Sales Website: www.mkconsultantsinc.com**
Reinstatement Line: (714) 508-7373
To request reinstatement and/or payoff FAX request to: (714) 505-3831

**THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.**

3

090010.0183\32865856.1

Trustee Sale No. F21-00052
Loan No. Hosie
Title Order No. 2296666-05

**Exhibit "A"**
**Legal Description**

The land referred to is situated in the County of Marin, City of Belvedere, State of California, as is described as follows:

Parcel One:

Parcel One, as shown upon that certain Parcel Map entitled "Parcel Map of Division of Lots 2 & 3, Block 49 and a Portion of Belvedere Ave., Map #4 of Belvedere Peninsula (Rack 1 Pull 11), Belvedere", filed for record January 23, 1974 in Book 9 of Parcel Maps, at Page 61, Marin County Records.

Parcel Two:

Easement for sewer and utility purposes, 10 feet in width, appurtenant to Parcel One above described, lying Northwesterly of and contiguous to the following described line:

Beginning at a point in the Southeasterly line of Lot 2, Block 49, as shown upon that certain map entitled, "Map No. 4 of Belvedere Peninsula, filed for record August 12, 1895 in Rack 1, Pull 11, Marin County Records, which point bears South 44° 44' West 154.68 feet to the most Easterly corner of the aforesaid Lot 2; running thence from said point of beginning along said lot line and its extension Southwesterly, South 44° 44' West 100 feet to a point in the Northeasterly line of Belvedere Ave., as realigned on that certain map entitled, "Map of Resubdivision of portions of the City of Belvedere", filed for record February 20, 1937 in Volume 5 of Maps, at Page 69, Marin County Records.

090010.0183\32865856.1

4

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FROME WYE LIMITED,              )
                                )
            Petitioner,         )
                                )
      v.                        )        Misc. No. 22-249-CFC-SRF
                                )
HOSIE RICE LLP, et al.,         )
                                )
            Respondents.        )
                                )

## ORDER

Pending before me are Respondents' objections (D.I. 44) to the Magistrate Judge's Report and Recommendation (D.I. 43). The Magistrate Judge recommended in her Report and Recommendation that I grant Petitioner's Motion to Confirm Arbitration Award (D.I. 29) and deny Respondents' Motion to Vacate Arbitration Award (D.I. 23). I have reviewed the Report and Recommendation, the objections, the response to the objections, and the briefing the parties submitted to the Magistrate Judge in connection with the motion.

The Magistrate Judge had the authority to make her findings and recommendation under 28 U.S.C. § 636(b)(1)(B). I review her findings and recommendations de novo. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

I agree with the Magistrate Judge's analysis and conclusions and will

therefore adopt the Report and Recommendation and overrule the objections. Respondents' two objection are without merit.   Respondents' "usury objection" misstates the Report and Recommendation's findings and asks this Court to set aside the arbitration panel's interpretation of the LFFA contract.   As the Magistrate Judge held, "this [C]ourt cannot relitigate the Panel's determination that the individual Respondents are 'guarantors' regardless of whether the Panel reached the correct decision."   D.I. 43 at 12.   Respondents' "Due Process" objection similarly fails, as the Panel's interpretation of the LFFA contract—which Respondents admitted they cannot relitigate—renders the objection moot.

NOW THEREFORE, on this 18th day of September in 2023, IT IS HEREBY ORDERED that:

1. Respondents' Objections to the Magistrate Judge's Report and Recommendation (D.I. 44) are OVERRULED;

2. The Report and Recommendation (D.I. 43) is ADOPTED;

3. Petitioner's Motion to Confirm Arbitration Award (D.I. 29) is GRANTED; and

4. Respondents' Motion to Vacate Arbitration Award (D.I. 23) is DENIED; and

5. Petitioner shall file no later than September 25, 2023 a proposed

   judgment for the Court's signature.

 

                                          _____

                                                  CHIEF JUDGE