Mia S. Blackler (SBN 188112)
Laura L. Lutz (SBN 313527)
LUBIN OLSON & NIEWIADOMSKI LLP
The Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, California 94111
Telephone:   (415) 981-0550
Facsimile:    (415) 981-4343
mblackler@lubinolson.com
llutz@lubinolson.com

Attorneys for Plaintiff FROME WYE LIMITED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| FROME WYE LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>HOSIE RICE LLP, a California limited liability partnership; SPENCER HOSIE, an individual; DIANE RICE, an individual,<br><br>    Defendants. | Case No.  3:23-cv-06153-EMC<br><br>**PLAINTIFF FROME WYE LIMITED'S NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS**<br><br>[Northern Dist. L.R. 3-13]<br><br>Judge: Hon. Edward M. Chen<br>Courtroom: 5<br><br>Trial Date:          Not set |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 3-13, Plaintiff Frome Wye Limited ("Frome Wye") is obligated to give notice to the Court that the Complaint filed by Frome Wye in this action involves "a material part of the same subject matter and all or substantially all of the same parties" as another action currently pending before the United States District Court for the District of Delaware.  N.D. Cal. L. R. 3-13.

In *Frome Wye Limited v. Hosie Rice LLP, et al.*, United States District Court

for the District of Delaware, Case No. 1:22-MC-00249-CFC-SRF (the "Delaware Action"), Frome Wye petitioned for confirmation of an arbitration Final Award which ordered Defendant Hosie Rice LLP to pay Frome Wye $1,817,000.00 pursuant to the Amended and Restated Law Firm Funding Agreement ("LFFA"). The underlying arbitration was commenced by Defendants for the purpose of challenging whether a certain monetary award triggered their repayment obligation to Frome Wye under the LFFA, and to enjoin Frome Wye from completing its foreclosure proceeding. According to the docket in the Delaware Action, the Final Award was confirmed on September 18, 2023. Frome Wye filed a Motion for Entry of Judgment, and briefing is complete. At this time, Frome Wye is awaiting entry of judgment. Pursuant to Local Rule 3-13(b)(2), a copy of the Petition for Confirmation of Arbitration Award is attached hereto as **Exhibit A**.

      In this action, Frome Wye filed a Complaint to enforce its deed of trust lien against certain residential real property located in Marin County, California. While the Delaware Action and the instant action involve the same parties—Frome Wye, Hosie Rice LLP, Spencer Hosie, and Diane Rice—and the same contract, the LFFA, the instant action seeks the proper determination of Frome Wye's (and/or Defendants' or other competing lienholders') rights to proceeds from the sale of real property. On the other hand, the Delaware Action (versus the underlying arbitration) was solely initiated by Frome Wye to confirm the arbitration's Final Award, which, as set forth above, results from Defendants' breach of the LFFA.

//
//
//
//
//
//

Transfer pursuant to 28 U.S.C. section 1407 should not be effected because it would not affect judicial economy nor eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district courts.  In short, Multi District Litigation Procedures or other coordination are not appropriate in this case.

Dated:  November 30, 2023         LUBIN OLSON & NIEWIADOMSKI LLP

By: /s/ Mia S. Blackler
Mia S. Blackler
Attorneys for Plaintiff FROME WYE LIMITED

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FROME WYE LIMITED,<br><br>        Plaintiff,<br><br>  v.<br><br>HOSIE RICE LLP, SPENCER HOSIE, AND DIANE RICE,<br><br>        Defendants. | C.A. No._____<br><br>[UNDER SEAL] |

## **PETITION FOR CONFIRMATION OF ARBITRATION AWARD**

Plaintiff Frome Wye Limited ("Plaintiff" or "Frome Wye"), by and through its undersigned counsel, in support of its petition for confirmation of the arbitration Final Award, dated May 17, 2022 and issued on May 31, 2022 (the "Award"), allege as follows:

## **PARTIES**

1. Plaintiff Frome Wye Limited is a Private Limited Company under the laws of the United Kingdom that provides litigation finance funding to claimholders and law firms. Plaintiff's principal place of business is 8 Bloomsbury Street, London, England, WC1B 3SR.

2. Defendant Hosie Rice LLP ("Defendant Hosie Rice") is a California based law firm. Defendant is a Limited Liability Partnership under the laws of California with a principal place of business at 505 Sansome Street, Suite 1575, San Francisco, CA 94111.

3. Defendant Spencer Hosie is natural person and resides in the state of California.

4. Defendant Diane Rice is a natural person and resides in the state of California.

5. Defendants Spencer Hosie and Diane Rice are spouses and partners in the law firm of Defendant Hosie Rice LLP.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this dispute pursuant to 9 U.S.C.A. § 9. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper because the arbitration at issue was conducted in Delaware pursuant to the agreement between the parties at issue. Pursuant to 9 U.S.C.A. § 9, proceedings to confirm an arbitration award shall be in the court specified in the arbitration agreement and, if not expressly stated, as is the case here, in the district court in and for the district in which the award was made.

## FACTS

### The Law Firm Funding Agreement

8. Hosie Rice and Frome Wye entered into a Law Firm Funding Agreement ("LFFA"), dated as of September 10, 2018. A true and correct copy of the LFFA is attached hereto as Exhibit 1.

9. The LFFA provides that Hosie Rice would receive capital to pursue claims for its clients, and Hosie Rice would repay Frome Wye when it received payments on successful outcomes in cases.

10. The LFFA provided a committed amount of $1 million available to be drawn down by Hosie Rice.

11. As security for the amounts advanced by Frome Wye, the LFFA granted Frome Wye a security interest pursuant to a Deed of Trust in a property in California owned by Hosie and Rice, which the LFFA defined as the Partner Collateral.

2

12. Section 18.12 of the LFFA provides that any dispute, claim, or controversy arising out of or relating to the LFFA "shall be determined by final, binding, and non-appealable arbitration in Wilmington, Delaware."

### The Arbitration

13. Between October 2018 and April 2019, Hosie Rice drew down a total of $1,350,000 in funding from Frome Wye. Hosie Rice repaid some of that amount in December 2018, but $800,000 in principle plus the interest mandated by the LFFA remains unpaid.

14. Hosie Rice was deficient for months on its repayment obligation to Frome Wye resulting from a January 16, 2020 arbitration award requiring Space Data Corporation to pay $4 million to Hosie Rice. On June 23, 2020, Frome Wye sent a formal notice of termination of the LFFA to Hosie Rice.

15. In August 2020, with Hosie Rice deficient on its repayment obligation to Frome Wye, Frome Wye initiated a nonjudicial foreclosure on the Partner Collateral.

16. On September 10, 2020, Defendants commenced an arbitration proceeding against Frome Wye with JAMS ("the Arbitration") pursuant to the LFFA and sought emergency injunctive relief halting the nonjudicial foreclosure process.

17. The issue in the Arbitration was whether a $4 million arbitration award Defendant Hosie Rice received from Space Data Corp. triggered Defendants' obligation in the LFFA repay Frome Wye.

18. On October, 21, 2020, an emergency arbitrator granted Defendants an injunction preventing Frome Wye from proceeding with the nonjudicial foreclosure on the Partner Collateral.

3

19. On November 11, 2020, JAMS appointed a three-member panel, as required by the LFFA, consisting of Hon. Shirley Werner Kornreich (Ret.), Kenneth M. Kramer, Esq. and Gregory P. Miller, Esq. (the "Panel"). Mr. Kramer agreed to serve as the Chair of the Panel.

### The Arbitration Awards

20. On February 4, 2021, the Panel held a scheduling conference with the parties. After the scheduling conference the Panel issued Pre-Hearing Order No. 3. In Pre-Hearing Order No. 3., the Panel stated that after the scheduling conference, the Panel met to discuss whether

> given the amount in issue (substantially less than $5 million) and the anticipated costs of discovery, and, in particular, the likely disputes concerning privilege, it would be most efficient and cost effective to have the parties brief the issues of: (1) whether the meaning of the provisions concerning "Gross Revenue" and "Revenue Event," including the meaning of "Claim" and "Claimholder," as set forth in the [LFFA], Section 1.16, are ambiguous; (2) whether there is any ambiguity in how such definitions should be applied to the receipt by Hosie Rice of an award of $4.5 (*sic*) million in the arbitration (JAMS Arbitration No. 1100106722) between Hosie Rice and Space Data.

21. In Pre-Hearing Order No. 3, the Panel directed the parties to brief issues (1) and (2) and informed the parties that it would schedule oral argument after receipt of the briefs.

22. After the parties completed briefing on the issues identified in Pre-Hearing Order No. 3, the Panel held oral argument by Zoom on April 20, 2021.

23. On May 5, 2021, the Panel issued Pre-Hearing Order No. 5. In Pre-Hearing Order No. 5, the Panel indicated that based on the parties' briefs and oral argument, the Panel had determined to grant the requests to move for summary disposition and would decide without further briefing whether receipt by Hosie Rice of the award from the Space Data Arbitration triggered a repayment obligation under the LLFA.

4

24. On July 2, 2021, the Panel issued its Order on Summary Disposition Motions (the "Summary Disposition Order"). A copy of the Summary Disposition Order is attached hereto as Exhibit 2. In the Summary Disposition Order the Panel concluded that

> under the unambiguous terms of the LFFA, the amount awarded to Hosie Rice in the fee arbitration between Hosie Rice and Space Data is Gross Revenue and a Revenue Event which gives rise to a repayment obligation. Therefore, the Summary Disposition Motion of Frome Wye is granted and the Summary Disposition Motion of Hosie Rice is denied.

25. On July 6, 2021, Defendants asked for permission to, among other things, submit a revised complaint following the Panel's issuance of the Summary Disposition Order. In response to Defendants' request, the Panel issued Pre-Hearing Order No. 6 which requested that on July 21, 2021, the parties provide the Panel with their proposed positions on the next steps in the arbitration and set a scheduling conference on those issues for July 22, 2021.

26. At the July 22, 2021, scheduling conference, the Panel gave Defendants permission in Pre-Hearing Order No. 7 to file a motion to amend its complaint which the Panel would decide before further proceedings. Pre-Hearing Order No. 7 also noted that the parties agreed that the Panel may decide the motion to amend on the papers. After the parties briefed the motion, on October 18, 2021, the Panel denied the motion to amend in its Decision on Claimants' Motion to Amend (the "Motion to Amend Order"). A copy of the Motion to Amend Order is attached hereto as Exhibit 3. The Panel denied the motion to amend, in part, because the Panel concluded that the proposed amendments to the complaint and additional defenses to Frome Wye's counterclaims would be futile.

27. After the Panel issued the Motion to Amend Order, Frome Wye provided the Panel with its calculation of the amounts owed by Hosie Rice to Frome Wye. On November 22, 2021, the Panel held a scheduling conference with the parties to discuss the next steps in the

arbitration. During that scheduling conference, the Panel requested that the parties meet and confer regarding Frome Wye's damages calculation. The parties did meet and confer, and, on January 5, 2022, provided the Panel with a status report on the remaining open issues.

28. On January 6, 2022, the Panel issued Pre-Hearing Order No. 8 which ordered the parties to brief the remaining issues described in the January 5 status report and set a hearing on those issues for February 24, 2022.

29. The parties briefed the open issues and the Panel held oral argument on February 24, 2022.

30. On May 17, 2022, the Panel issued its Final Award. A true and correct copy of the Final Award is attached hereto as Exhibit 4.

31. The Final Award provides:

> 1. Respondent Frome Wye has established its Counterclaim asserting breach of contract against Claimant, Hosie Rice, and is entitled to an award of damages.
> 2. Respondent Frome Wye failed to establish its Counterclaims for Misrepresentation and Unjust Enrichment. Respondent will take nothing on that claim.
> 3. Respondent Frome Wye failed to establish its entitlement to Affirmative Relief for attorneys' fees and costs incurred in seeking to enforce its contractual and other rights under the Funding Agreement. Respondent will take nothing on that claim.
> 4. Claimant, Hosie Rice, failed to establish its claim for Breach of Contract. Claimant will take nothing on that claim.
> 5. Claimant shall pay to Respondent, the amount of $800,000 plus interest of $1,267,200 less credits of $250,200 for a total of $1,817,000.
> 6. The preliminary injunction entered on October 20, 2020, by Emergency Arbitrator Otis McGee Jr., hereby, is dissolved and has no further force or effect.

## COUNT I: CONFIRMATION OF THE ARBITRATION AWARDS

32. Plaintiff restates and realleges all of the preceding paragraphs as if fully set forth herein.

6

33. Pursuant to Section 18.12 of the LFFA, the parties are required to arbitrate in Wilmington, Delaware. Section 18.12.3 provides that judgment on any award issued in arbitration "may be entered in any court having jurisdiction."

34. Under 9 U.S.C.A. § 9, a District Court may confirm an award issued by an arbitrator where the arbitration agreement specifies a court in which confirmation proceedings shall be held or, in the absence of such a provision, as here, in the district in which the award was made.

35. Frome Wye seeks confirmation of the Final Award, which was issued by the Panel appointed by JAMS.

36. Plaintiff is entitled to a judgment of this Court confirming the Final Award and entering judgment in favor of Frome Wye and against Defendants Hosie Rice, Spencer Hosie and Diane Rice for the sum of $800,000 plus interest of "$1,267,200 less credits of $250,200 for a total of $1,817,000.00."

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor as follows:

    A. Confirming the Award in favor of Frome Wye as made by the Panel against Defendants;

    B. Ordering Defendants to pay Plaintiff the total amount of $1,817,000.00; and

    B. Ordering all further relief that the Court deems just and proper.

8

                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                

BAYARD, P.A.

*/s/ Peter B. Ladig*
Peter B. Ladig (#3513)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
pladig@bayardlaw.com
rgolden@bayardlaw.com

Dated: June 1, 2022          *Attorneys for Plaintiff*