UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FROME WYE LIMITED,<br><br>     Plaintiff,<br><br>  v.<br><br>HOSIE RICE LLP, et al.,<br><br>     Defendants. | Case No.  23-cv-06153-EMC<br><br>**ORDER DENYING PLAINTIFFS'<br>MOTION FOR TEMPORARY<br>RESTRAINING ORDER**<br><br>Docket No. 5 |

Plaintiff Frome Wye Limited has filed suit against Defendants Hosie Rice LLP, Spencer Hosie, and Diane Rice.  Hosie Rice is a law firm, and Mr. Hosie and Ms. Rice partners in the firm. In its complaint, Plaintiff alleges that, in 2018, it entered into an agreement with all three Defendants (the law firm and the individual partners) under which the law firm obtained funding from Plaintiff (*e.g.*, to pay monthly operating expenses).  *See* Compl. ¶¶ 11-12.  Under the funding agreement, Plaintiff was granted "a continuing, first priority, perfected security interest in the Firm Collateral . . . and all proceeds thereof."[1]  Agmt. ¶ 13.6.  In addition, Plaintiff "was granted a

_____

[1] Firm Collateral is defined in the agreement as follows:

> collectively, (i) all present and future Revenue Events, Gross Revenues, and any payments, distributions, recoveries, and/or proceeds resulting therefrom or attributable thereto (including any and all rights of Firm and/or any Partner to receive any of the foregoing), (ii) all present and future right, title and interest of the Firm in its discounted deferred fees in the Space Data Case and (iii) the Collateral Account or any other account of Firm or any Partner which holds any such payments, distributions, recoveries, and/or proceeds.

Agmt. ¶ 1.13.

continuing, third priority, perfected security interest in the 'Partner Collateral' and all proceeds thereof." Compl. ¶ 14; *see also* Agmt. ¶ 13.6. "Partner Collateral" was defined as "'all present and future right, title and interest of either Partner (or both Partners)" in certain real property located in Belvedere, California. Compl. ¶ 14; *see also* Agmt. ¶ 1.23. Defendants failed to make repayments under the funding agreement, and currently owe Plaintiff more than $1.8 million (as reflected in an arbitration award recently confirmed by a Delaware district court). *See* Compl. ¶¶ 20, 25-27.

It now appears that Mr. Hosie and Ms. Rice are about to sell the real property at issue, *i.e.*, the Partner Collateral. *See* Compl. ¶ 29 (asserting that the sale is set to close on December 1, 2023). *But see* Opp'n at 2 n.1 (asserting that "[t]he sale is not set to close until December 8"). The sale price appears to be more than $7.7 million. *See* Friel Decl., Ex. 7 (Estimated Seller's Statement). Plaintiff does not seek to stop the sale of the property but has filed a motion for a temporary restraining order so that Defendants and their agents will be enjoined from "disbursing $1,817,000 of the sale proceeds pending determination of [Plaintiff's] (or Defendants' or other creditors') claims to these funds." Mot. at 3. Plaintiffs maintain:

> If Defendants are not immediately enjoined, Defendants will close the sale of the Property and will disburse the sale proceeds as scheduled on the Estimated Sellers' Statement, without paying Frome Wye. Thus, Frome Wye will (1) lose the opportunity to be paid what it is owed, and (2) be required to take on the burden of clawing back sums from the junior lienholders (or Defendants), and will likely have to bring a multiplicity of lawsuits in order to get paid what it is owed.

Mot. at 10.

Plaintiff admits its interest is "junior to two previously-recorded deed of trust liens in favor of First Republic Bank and the Perkins Coie law firm." Mot. at 4. The combined interest of those two entities appears to be more than $2.7 million. *See* Friel Decl., Ex. 7. However, Plaintiff maintains that its interest is superior to other lienholders – specifically, federal and state taxing authorities who, together, appear to have an interest of about $4.48 million. *See* Friel Decl., Ex. 7; *see also* Mot. at 4 (asserting that the taxing authorities recorded notice of tax liens against the property after the individual defendants failed to pay income taxes – but this was after Plaintiff

2

recorded its deed of trust). Defendants have filed an opposition to Plaintiff's motion for a TRO, disputing Plaintiff's claim that the federal and state taxing authorities have a junior interest. *See, e.g.*, Opp'n at 4, 7 (arguing that Plaintiff's "lien was not perfected, but rather a placeholder that [it] might be owed 'up to $2 million'[;] [w]hen [Plaintiff] recorded this lien, the [Law] Firm owed [Plaintiff] nothing" and "even now, the amount due is the subject of ongoing litigation," presumably, because, even though a court affirmed the arbitration award, Plaintiff now seeks additional prejudgment interest).[2]

In order to obtain temporary or preliminary injunction relief, a plaintiff must show the following: "'(1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.'" *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citing *Winter v. NRDC*, 555 U.S. 7 (2008)). In the Ninth Circuit, however, a court may employ

> an alternative serious questions standard, also known as the sliding scale variant of the *Winter* standard. Under that formulation, serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff[s] can support issuance of a preliminary injunction, so long as the plaintiff[s] also show[] that there is a likelihood of irreparable injury and that the injunction is in the public interest.

*Fraihat v. United States Immigration & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (internal quotation marks omitted). Under *Winter*, demonstrating the likelihood of irreparable injury is essential.

In the instant case, although Defendants focus their opposition on the lack of likelihood of success on the merits, resolution of the pending motion turns on the likelihood of irreparable harm. As indicated above, Plaintiff claims irreparable injury on the basis that it

> is owed payment for years, and it has priority over the junior taxing authorities. It will be costly and expensive for Frome Wye to suffer the burden of having to claw back sums from the junior creditors (or Defendants) if the sale closes and the funds are disbursed as scheduled on the Estimated Sellers' Statement. If Defendants are not immediately enjoined, Defendants will close the sale of the Property and will disburse the sale proceeds as scheduled on the

---

[2] In essence, Defendants take the position that the lien was not *legally* perfected even if the funding agreement on its face stated that the interest in the Partner Collateral was perfected.

United States District Court
Northern District of California

> Estimated Sellers' Statement, without paying Frome Wye. Thus, Frome Wye will (1) lose the opportunity to be paid what it is owed, and (2) be required to take on the burden of clawing back sums from the junior lienholders (or Defendants), and will likely have to bring a multiplicity of lawsuits in order to get paid what it is owed.

Mot. at 10.

The problem for Plaintiff is that "economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991); *see also Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) ("[M]onetary injury is not normally considered irreparable."). Here, the injury is purely financial. To be sure, irreparable harm may be established by showing that "'a money judgment will go unsatisfied absent equitable relief.'" *Alpha Capital Aktiengesellschaft v. Advanced Viral Research Corp.*, No. 02cv10237, 2003 U.S. Dist. LEXIS 2077, at *13 (S.D.N.Y. Feb. 11, 2003). However, Plaintiff has not submitted any evidence that any or all three Defendants who entered into the funding agreement are insolvent or that they would not be able to pay the amount owed (as alleged).[3] Nor has Plaintiff shown that there is no other collateral, including Firm Collateral, to protect their interest; in fact, § 13.6 of the funding agreement gives Plaintiff a "first priority, perfected security interest in the Firm Collateral."

Because Plaintiff has not shown a likelihood of irreparable injury, Plaintiff's motion for a temporary restraining order is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated: December 1, 2023

_____
EDWARD M. CHEN
United States District Judge

---

[3] That Defendants have not made payments may be explained by the fact that the arbitration award was only recently confirmed in September 2023. *See* Compl. ¶ 27.