1  Mia S. Blackler (SBN 188112)
   Laura L. Lutz (SBN 313527)
2  LUBIN OLSON & NIEWIADOMSKI LLP
   The Transamerica Pyramid
3  600 Montgomery Street, 14th Floor
   San Francisco, California 94111
4  Telephone:  (415) 981-0550
   Facsimile:   (415) 981-4343
5  mblackler@lubinolson.com
   llutz@lubinolson.com
6
7  Attorneys for Plaintiff FROME WYE LIMITED

8              UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

| 11 | FROME WYE LIMITED, | Case No. 3:23-cv-06153-EMC |
|---|---|---|
| 12 | Plaintiff, | **PLAINTIFF FROME WYE LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS** |
| 13 | v. | |
| 14 | HOSIE RICE LLP, a California limited liability partnership; SPENCER HOSIE, an individual; DIANE RICE, an individual, | |
| 15 | | |
| 16 | | Judge: Hon. Edward M. Chen |
| 17 | Defendants. | Trial Date:     Not set |

18
19
20
21
22
23
24
25
26
27
28

Plaintiff Frome Wye Limited ("Frome Wye" or "Plaintiff")[1] hereby submits this Answer to the Counterclaims of Defendants Hosie Rice LLP, Spencer Hosie, and Diane Rice (collectively, "Defendants") dated December 20, 2023 (the "Counterclaims"), and responds, alleges, and avers, as follows on knowledge as to its own acts and otherwise on information and belief, as follows:

Plaintiff generally denies each and every allegation of Defendants' Counterclaims, except those allegations expressly admitted below. Plaintiff further denies that Defendants are entitled to relief of any sort as against Plaintiff.

**PARTIES**

1. Answering paragraph 48 of the Counterclaims, Plaintiff admits the allegations.

2. Answering paragraph 49 of the Counterclaims, Plaintiff admits the allegations.

3. Answering paragraph 50 of the Counterclaims, Plaintiff admits the allegations.

4. Answering paragraph 51 of the Counterclaims, the allegations require no response, although Woodsford Litigation Funding Limited is not a party to this action.

5. Answering paragraph 52 of the Counterclaims, Plaintiff admits the allegations.

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

6. Answering paragraph 53 of the Counterclaims, the allegations state legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that jurisdiction is proper in this Court.

7. Answering paragraph 54 of the Counterclaims, the allegations state

---

[1] Defendants' Counterclaims improperly reference Plaintiff as Woodsford Litigation Funding Limited, which is not a party to this litigation.

legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that venue is proper in this Court. Plaintiff further states that venue is proper in this Court pursuant to Section 18.12.13 of the parties' agreement, which specifically allows "Firm and [Frome Wye] [to] seek[] emergency equitable remedies from a court of appropriate jurisdiction …."

8. Answering paragraph 55 of the Counterclaims, the allegations state legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that intradistrict assignment to the San Francisco Division is proper.

## FACTUAL ALLEGATIONS

9. Answering paragraph 56 of the Counterclaims, Plaintiff admits that Frome Wye Limited (not Woodsford) entered into Law Firm Funding Agreement with Defendants effective as of August 7, 2018, which agreement was amended and restated on or about September 10, 2018 (the "LFFA"). Plaintiff further admits the content of Woodsford's website. Plaintiff denies the remaining allegations in paragraph 56.

10. Answering paragraph 57 or the Counterclaims, Plaintiff admits that it negotiated a law firm funding agreement with Defendants over the course of several months in 2018, culminating in the LFFA. Plaintiff denies the remaining allegations in paragraph 57.

11. Answering paragraph 58 of the Counterclaims, Plaintiff admits that, pursuant to the LFFA, it recorded a Deed of Trust with Assignment of Rents dated October 10, 2018, and recorded on October 11, 2018 as Document No. 201835545 in the Official Records of the Marin County Recorder's Office against Hosie and Rice's residence located at 331 Golden Gate Avenue, Belvedere, California 94920 owned by Defendants Spencer Hosie and Diane Rice (collectively, the "Partners"). Plaintiff denies the remaining allegations in paragraph 58 and objects to the legal conclusions contained therein.

12. Answering paragraph 59 of the Counterclaims, other than admitting the terms and conditions of Section 13.6 of the LFFA and that this provision was specifically negotiated, Plaintiff denies these allegations.

13. Answering paragraph 60 of the Counterclaims, Plaintiff admits that Defendant Hosie Rice LLP (the "Firm") drew down a total of $550,000 between October 18, 2018 and December 7, 2018, and that the Firm made a required interim repayment to Plaintiff following settlement of a case in December 2018 pursuant to the terms of the LFFA. Plaintiff further admits that the Firm paid Plaintiff $800,000 by wire in December 2018. Plaintiff denies the remaining allegations in paragraph 60.

14. Answering paragraph 61 of the Counterclaims, Plaintiff denies these allegations.

15. Answering paragraph 62 of the Counterclaims, Plaintiff admits that between January 4 and April 2, 2019, the Firm drew down $800,000 pursuant to the LFFA. Plaintiff denies the remaining allegations in paragraph 62.

16. Answering paragraph 63 of the Counterclaims, Plaintiff denies these allegations.

17. Answering paragraph 64 of the Counterclaims, Plaintiff admits that the Firm settled one of its scheduled cases (Space Data) in July 2019. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 64 and on that basis denies them.

18. Answering paragraph 65 of the Counterclaims, Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 and on that basis denies them.

19. Answering paragraph 66 of the Counterclaims, Plaintiff is aware an arbitration occurred between the Firm and one of its clients (Space Data), but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 66 and on that basis denies them.

20. Answering paragraph 67 of the Counterclaims, Plaintiff admits that the Firm was awarded $4.5 million (not $4 million) in a final arbitration award dated January 16, 2020 following a fee dispute between the Firm and one of its clients, and the content of the award. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 67 and on that basis denies them.

21. Answering paragraph 68 of the Counterclaims, Plaintiff admits that it was entitled to repayment following the Firm's receipt of the $4.5 million referred to above under the terms and conditions of the LFFA. Plaintiff denies the remaining allegations in paragraph 68.

22. Answering paragraph 69 of the Counterclaims, Plaintiff admits that its foreclosure trustee commenced a nonjudicial foreclosure proceeding by recording a notice of default against the property in August 2020. Plaintiff denies the remaining allegations in paragraph 69.

23. Answering paragraph 70 of the Counterclaims, Plaintiff admits these allegations as they relate to Plaintiff.

24. Answering paragraph 71 of the Counterclaims, Plaintiff admits that the emergency arbitrator Otis McGee issued an Amended Decision and Ruling Regarding Request for Emergency Relief which enjoined Plaintiff from pursuing a freeze of the Firm's bank account, and denies the remaining allegations in paragraph 71.

25. Answering paragraph 72 of the Counterclaims, Plaintiff admits that the JAMS arbitral tribunal agreed with Plaintiff and issued an Order finding that "under the unambiguous terms of the LFFA, the amount awarded to [Firm] in the fee arbitration between [Firm] and Space Data is Gross Revenue and a Revenue Event which gives rise to a repayment obligation." Plaintiff denies the remaining allegations in paragraph 72.

26. Answering paragraph 73 of the Counterclaims, while Plaintiff admits

that there is a motion for entry of judgment pending in the related case, *Frome Wye Limited v. Hosie Rice LLP, et al.*, United States District Court for the District of Delaware, Case No. 22-MC-CFC, Plaintiff denies that the dispute continues because the Final Award confirming the Firm's debt to Frome Wye as of May 17, 2022 as: "the amount of $800,000 plus interest of $1,267,200 less credits of $250,200 for a total of $1,817,000" was confirmed in favor of Plaintiff on September 18, 2023.

27. Answering paragraph 74 of the Counterclaims, Plaintiff admits that the Partners made Plaintiff aware that they had received an offer to purchase the property. Plaintiff denies the remaining allegations in paragraph 74.

28. Answering paragraph 75 of the Counterclaims, Plaintiff admits the final arbitration award, that the amount of the accrued prejudgment interest on the award remains pending, and that interest determination will result in a final judgment. Plaintiff denies the remaining allegations in paragraph 75.

29. Answering paragraph 76 of the Counterclaims, Plaintiff denies these allegations.

30. Answering paragraph 77 of the Counterclaims, Plaintiff admits that it rejected an offer from the Firm and refused to reconvey its deed of trust against the property absent significant payment against the amounts owed. Plaintiff denies the remaining allegations in paragraph 77.

## FIRST COUNTERCLAIM: BREACH OF CONTRACT

31. Plaintiff hereby incorporates its answers to all preceding paragraphs by reference as if set forth fully herein.

32. Answering paragraph 79 of the Counterclaims, Plaintiff admits it entered into the LFFA with Defendants effective as of August 7, 2018, which agreement was amended and restated on or about September 10, 2018, and that the parties fully executed this contract.

33. Answering paragraph 80 of the Counterclaims, Plaintiff admits that it recorded a deed of trust lien against the property, and denies the remaining

allegations in paragraph 80.

34. Answering paragraph 81 of the Counterclaims, Plaintiff admits Section 13.6 of the LFFA, but denies the remaining allegations in paragraph 81.

35. Answering paragraph 82 of the Counterclaims, Plaintiff admits that it terminated the LFFA in June 2020, and that Section 13.6 of the LFFA survives its termination under Section 17.3.3(B).

36. Answering paragraph 83 of the Counterclaims, Plaintiff admits that Defendants made a vague offer to Plaintiff relating to the Firm's current and future receivables, but denies the remainder of the allegations in paragraph 83.

37. Answering paragraph 84 of the Counterclaims, Plaintiff denies these allegations.

38. Answering paragraph 85 of the Counterclaims, Plaintiff denies these allegations.

39. Answering paragraph 86 of the Counterclaims, Plaintiff admits that it rejected Defendants' vague offer involving incomparable security and would not reconvey its deed of trust lien absent significant paydown. Plaintiff denies the remaining allegations in paragraph 86.

40. Answering paragraph 87 of the Counterclaims, Plaintiff denies these allegations.

41. Answering paragraph 88 of the Counterclaims, Plaintiff denies these allegations.

42. Answering paragraph 89 of the Counterclaims, Plaintiff denies these allegations.

**SECOND COUNTERCLAIM: DECLARATORY JUDGMENT**

43. Plaintiff hereby incorporates its answers to all preceding paragraphs by reference as if set forth fully herein.

44. Answering paragraph 91 of the Counterclaims, Plaintiff admits that there exists an actual, justiciable, concrete and material controversy between the

parties. Plaintiff further admits that it contends that it holds a third-position lien deed of trust secured against the property that is senior to the subject federal and state tax liens, and that Defendants disagree. Plaintiff objects to the legal conclusions, and denies the remaining allegations in paragraph 91.

45. Answering paragraph 92 of the Counterclaims, Plaintiff denies these allegations.

46. Answering paragraph 93 of the Counterclaims, Plaintiff admits these allegations.

## PRAYER FOR RELIEF

Plaintiff denies that Defendants are entitled to the relief requested in the Prayer for Relief, subparts a through e, on pages 12 to 13 of the Counterclaims.

## PLAINTIFF'S AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Counterclaims, Plaintiff hereby sets forth the separate and additional defenses to the Counterclaims, and each and every cause of action or claim alleged therein, without assuming or undertaking any burden of proof not otherwise assigned to it by law. Further, all such defenses are pled in the alternative and do not constitute an admission of liability or an admission that Defendants are entitled to any relief as requested, or in any amounts, or at all. Plaintiff may have additional defenses of which it is not currently fully aware and reserves the right to assert additional defenses after they are ascertained.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Counterclaims and each purported claim asserted therein fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Arbitration and Award)

Defendants' claims are barred in whole or in part because the issues were submitted to an arbitral tribunal for arbitration, and subject to a final award

dismissing Defendants' claims against Plaintiff.

## THIRD AFFIRMATIVE DEFENSE
### (Res Judicata)

Defendants' claims are barred in whole or in part by the doctrine of res judicata.

## FOURTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel)

Defendants' claims are barred in whole or in part by the doctrine of collateral estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Damage to Defendants)

Defendants have not been damaged by the conduct of Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE
### (Offset)

Plaintiff is entitled to offset and recoup any judgment for Defendants in this action against all obligations of Defendants owing to Plaintiff under their agreements and any prior court orders and judgments.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Defendants failed and neglected to use reasonable care to protect themselves and to minimize the losses and damages complained of, if any there were.

## EIGHTH AFFIRMATIVE DEFENSE
### (Release and Discharge)

The claims asserted in the Counterclaims against Plaintiff are barred because, by reason of the acts and omissions of the Defendants, Defendants have released and discharged Plaintiff from any liability.

## NINTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The claims asserted in the Counterclaims against Plaintiff are barred because Defendants would be unjustly enriched if allowed to recover.

## TENTH AFFIRMATIVE DEFENSE

### (No Breach of Contract)

Plaintiff has not breached any contract with Defendants giving rise to the damages alleged in the Counterclaims. The damages alleged in the Counterclaims are due solely and totally to the acts or omissions of Defendants or Defendants' agents, for which Plaintiff has no responsibility.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Defendants' claims are barred in whole or in part by the equitable doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendants' claims are barred in whole or in part the equitable doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Defendants' claims are barred in whole or in part the equitable doctrine of waiver and Defendants are estopped from maintaining this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Defendants' claims are not entitled to equitable relief insofar as Defendants have adequate remedies at law.

## RESERVATION OF RIGHTS

Plaintiff has not knowingly or intentionally waived any applicable affirmative

defense and reserves the right to assert and rely on such other applicable affirmative defenses as may later become available or apparent. Plaintiff further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery. Nothing stated herein constitutes a concession as to whether or not Plaintiff bears the burden of proof on any issue.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Counterclaims be dismissed, with prejudice and in their entirety;

2. That Defendants take nothing by reason of the Counterclaims and that judgment be entered against Defendants and in favor of Plaintiff;

3. That Plaintiff be awarded its costs and attorneys' fees incurred in defending this action;

4. That Plaintiff be granted such other and further relief as the Court may deem just and proper.

Dated: January 9, 2024                LUBIN OLSON & NIEWIADOMSKI LLP

By: _____*/s/ Mia S. Blackler*_____
Mia S. Blackler, Attorneys for Plaintiff
FROME WYE LIMITED

# PROOF OF SERVICE

*Frome Wye Limited v. Hosie Rice LLP, et al.*
U.S. District Court, N.D. California, Case No. 3:23-cv-06153-EMC

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is The Transamerica Pyramid, 600 Montgomery Street, 14th Floor, San Francisco, CA 94111.

On January 9, 2024, I served true copies of the following document(s) described as

**PLAINTIFF FROME WYE LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address msaephan@lubinolson.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 9, 2024, at San Francisco, California.

            */s/ Mey Saephan*
            Mey Saephan

**SERVICE LIST**
*Frome Wye Limited v. Hosie Rice LLP, et al.*
U.S. District Court, N.D. California, Case No. 3:23-cv-06153-EMC

Spencer Hosie
Diane S. Rice
HOSIE RICE LLP
505 Sansome Street, Suite 1575
San Francisco, CA 94111

Telephone: (415) 247-6000
Facsimile: (415) 247-60001
Email(s):  shosie@hosielaw.com
            drice@hosielaw.com
            mcarroll@hosielaw.com
            jshaw@hosielaw.com

*Attorneys for Defendants*
HOSIE RICE LLP, a California limited liability partnership; SPENCER HOSIE, an individual; and DIANE RICE, an individual