Mia S. Blackler (SBN 188112)
LUBIN OLSON & NIEWIADOMSKI LLP
The Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, California 94111
Telephone:  (415) 981-0550
Facsimile:   (415) 981-4343
mblackler@lubinolson.com

Attorneys for Plaintiff and Counter-Defendant
FROME WYE LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| FROME WYE LIMITED,<br><br>          Plaintiff,<br><br>   v.<br><br>HOSIE RICE LLP, a California limited liability partnership; SPENCER HOSIE, an individual; DIANE RICE, an individual,<br><br>          Defendants. | Case No. 3:23-cv-06153-EMC<br><br>**PLAINTIFF FROME WYE LIMITED'S EX PARTE APPLICATION FOR ENTRY OF JUDGMENT ON SISTER-STATE JUDGMENT** |
| HOSIE RICE LLP, a California limited liability partnership; SPENCER HOSIE, an individual; DIANE RICE, an individual,<br><br>          Counterclaimants,<br><br>   v.<br><br>FROM WYE LIMITED,<br><br>          Counter-Defendant, | |

# TABLE OF CONTENTS

**Page**

EX PARTE APPLICATION ................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES............................................................ 2

I. INTRODUCTION ........................................................................................................... 2

II. FACTUAL BACKGROUND .......................................................................................... 3

    A. Dispute Between the Parties and Arbitration............................................ 3

    B. Delaware and California Actions............................................................... 4

    C. Settlement Agreement and Stipulated Dismissal..................................... 5

    D. Terms of the Settlement Agreement ......................................................... 5

        1. Payment ........................................................................................ 5

        2. Default ........................................................................................... 6

        3. Forbearance of Enforcement of Judgment ................................. 6

        4. Enforceability and Retention of Jurisdiction.............................. 7

        5. Attorneys' Fees............................................................................. 8

    E. Hosie Rice's Default on the Settlement Agreement ............................... 8

III. LEGAL ARGUMENT ..................................................................................................... 8

    A. Legal Standard ............................................................................................ 8

    B. Hosie Rice is in Default on the Settlement Agreement .......................... 9

    C. This Court Should Enter Judgment Against Hosie Rice Forthwith...... 10

        1. This Court Retained Jurisdiction to Enforce the Settlement Agreement.................................................................................... 10

        2. This Court has Authority to Enter Judgment on an Ex Parte Basis Pursuant to CCP Section 664.6............................... 10

    D. Frome Wye Reserves its Rights to Recover Attorneys' Fees and Costs ........................................................................................................... 11

IV. CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Callie v. Near*,
  829 F.2d 888 (9th Cir. 1987) .................................................................................. 8

*In re City Equities Anaheim, Ltd.*,
  22 F.3d 954 (9th Cir. 1994) .................................................................................... 8

*Flanagan v. Arnaiz*,
  143 F.3d 540 (9th Cir. 1998) .................................................................................. 9

*Frome Wye Limited v. Hosie Rice LLP, et al.*
  (No. 22-MC-249-CFC-SRF) ................................................................................... 4

*Needelman v. DeWolf Realty Co.*,
  239 Cal. App. 4th 750 (2015), *as modified on denial of reh'g* (Aug. 18, 2015) ............................................................................................................. 9, 11

*TNT Marketing Inc. v. Agresti*,
  796 F.2d 276 (9th Cir. 1986) .................................................................................. 9

**Statutes**

California Code of Civil Procedure section 664.6 .................................... 7, 9, 10, 11

**Other Authorities**

L.R. 7-10 .................................................................................................................. 11

# EX PARTE APPLICATION

**TO ALL PARTIES, AND THEIR ATTORNEYS OF RECORD,**

**PLEASE TAKE NOTICE** that, pursuant to California Code of Civil Procedure Section 664.6 and in accordance with Local Rule ("L.R.") 7-10, Plaintiff and Counter-Defendant Frome Wye Limited ("Frome Wye") will and hereby does apply ex parte for entry of judgment on sister-state judgment in the amount of $2,219,445.80 (consisting of the unpaid sister-state judgment balance of $2,176,928[1] in contractual damages and pre-judgment interest, plus $42,517.80 in accrued post-judgment interest on sister-state judgment) against Defendants and Counterclaimants Hosie Rice LLP, Spencer Hosie, and Diana Rice (collectively "Hosie Rice") pursuant to the terms of a settlement agreement between the Parties executed on April 23, 2024 ("Settlement Agreement" or "Agreement").

Pursuant to the Stipulation and Order to Dismiss Action entered by this Court on April 24, 2024 (Dkt. # 53), <u>this Court retained jurisdiction for the purposes of enforcing the Settlement Agreement</u>.

This ex parte application is based on this Application, the accompanying Memorandum of Points and Authorities below, the concurrently filed Application for Entry of Judgment on Sister-State Judgment (Judicial Council Form EJ-105) and the Declaration of Steven Friel and exhibits thereto, the pleadings and files on record in this action, and upon any such further evidence or oral argument requested by the Court.

## RELIEF SOUGHT

Frome Wye respectfully requests that this Court enter judgment based upon a sister-state judgment entered in the amount of $2,219,445.80 (consisting of the unpaid sister-state judgment balance of $2,176,928 in contractual damages and pre-

---

[1] $1,817,000 in contractual damages plus $1,859,928.00 in pre-judgment interest, <u>less</u> the initial $1,500,000 payment received from Hosie Rice.

judgment interest, and $42,517.80 in accrued post-judgment interest on sister-state judgment) against Hosie Rice pursuant to the terms of the Settlement Agreement and as set forth in the Application for Entry of Judgment on Sister-State Judgment, and Judgment on Sister-State Judgment, filed concurrently herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In 2018, Frome Wye and Hosie Rice entered into a Law Firm Funding Agreement ("LFFA"), pursuant to which Frome Wye was granted a security interest in certain real property in California owned by Spencer Hosie and Diana Rice in exchange for providing funding to Hosie Rice LLP.  After Hosie Rice failed to fulfill its obligations by refusing to pay certain amounts owing to Frome Wye under the LFFA, Frome Wye commenced a nonjudicial foreclosure proceeding by recording a notice of default against the property.

In 2020, the Parties began JAMS arbitration proceedings, which concluded in 2022 with the arbitral tribunal issuing its final award in favor of Frome Wye and against Hosie Rice in the amount of $1,817,000.  Frome Wye subsequently initiated an action in Delaware District Court to confirm the arbitration award, and initiated the instant action in this Court for declaratory and injunctive relief in connection with Hosie Rice's attempts to sell their property without repaying Frome Wye.

In 2024, the Delaware District Court entered an Amended Final Judgment confirming the arbitration award and entered final judgment in favor of Frome Wye and against Hosie Rice in the amount of $3,676,928 (consisting of $1,817,000 in contractual damages and $1,859,928 in accrued pre-judgment interest), with additional post-judgment interest at the rate of .015% per day from the date of judgment.

On April 23, 2024, the Parties entered into a Settlement Agreement and Mutual Release ("Settlement Agreement") to resolve the Delaware and California actions.  The Settlement Agreement obligated Hosie Rice to pay Frome Wye the

total sum of $3,000,000, in seven installments pursuant to a specified payment plan, in exchange for Frome Wye agreeing to forbear enforcing its rights under the Delaware Judgment.

The Settlement Agreement provided that if Hosie Rice failed to timely make any required payments, and further failed to cure and make any delinquent payment within the five-day cure period, Frome Wye may immediately enforce its rights under the Delaware Judgment against Hosie Rice's assets, wherever located, without any further notice or demand.

As detailed below, Hosie Rice is in default of the Settlement Agreement for failing to timely make an installment payment of $300,000 that was due by June 1, 2024, and failing to timely cure and make that delinquent payment.

Therefore, pursuant to the Settlement Agreement, Frome Wye may immediately enforce its rights under the Delaware Judgment against Hosie Rice's assets, without any further notice to demand to Hosie Rice, by domesticating the Delaware Judgment so that it can be enforced in California. Accordingly, good cause exists to grant Plaintiff's ex parte Application and enter Judgment against Hosie Rice pursuant to the terms of the Settlement Agreement.

## II. FACTUAL BACKGROUND

### A. Dispute Between the Parties and Arbitration

Frome Wye is a litigation finance business. Declaration of Steven Friel ("Friel Decl."), ¶ 2. In September 2018, Frome Wye and Hosie Rice entered into a Law Firm Funding Agreement ("LFFA"), through which Hosie Rice LLP obtained funding from Frome Wye. *Id.*, ¶ 3.

Pursuant to the LFFA, Frome Wye was granted a security interest in 331 Golden Gate Avenue, Belvedere, CA 94920 (the "Property"), evidenced by a Deed of Trust with Assignment of Rents recorded on October 11, 2018 in the Official Records of the Marin County Recorder's Office as Instrument No. 201835545. *Id.*, ¶ 4.

Hosie Rice LLP subsequently failed and refused to pay amounts owing to Frome Wye in connection with the LFFA, and on August 19, 2020, Frome Wye commenced a nonjudicial foreclosure proceeding by recording a notice of default against the Property. *Id.*, ¶ 5.

On September 9, 2020, Hosie Rice commenced a JAMS arbitration against Frome Wye related to the LFFA to challenge whether certain events triggered a repayment obligation to Frome Wye under the LFFA, and to enjoin Frome Wye from completing its foreclosure of the Property. Frome Wye alleged counterclaims against Hosie Rice. *Id.*, ¶ 6.

On May 17, 2022, the JAMS arbitral tribunal issued its Final Award, confirming Hosie Rice LLP's debt to Frome Wye as of May 17, 2022 as: "the amount of $800,000 plus interest of $1,267,200 less credits of $250,200 for a total of $1,817,000" ("Arbitration Award"). *Id.*, ¶ 7.

### B. Delaware and California Actions

On June 1, 2022, Frome Wye filed a Petition to Confirm Arbitration Award in the United States District Court for the District of Delaware, *Frome Wye Limited v. Hosie Rice LLP, et al.* (No. 22-MC-249-CFC-SRF) (the "Delaware Action"). Friel Decl., ¶ 8. On September 18, 2023, the Delaware District Court confirmed the Arbitration Award in favor of Frome Wye. *Id.*

On November 28, 2023, Frome Wye filed a complaint in this Court for declaratory and injunctive relief against Hosie Rice, initiating the instant action, *Frome Wye Limited v. Hosie Rice LLP, et al.* (3:23-cv-06153-EMC) (the "California Action"). The complaint in the California Action seeks relief arising from Hosie Rice's attempts to sell the Property without paying the amounts due and owing to Frome Wye. *Id.*, ¶ 9.

On March 19, 2024, the Delaware District Court entered an Amended Final Judgment in the Delaware Action ("Delaware Judgment"). The Delaware Judgment confirmed the Arbitration Award and entered final judgment in favor of Frome Wye

and against Hosie Rice, and ordered Hosie Rice to pay Frome Wye: (1) $1,817,000 in contractual damages, (2) $1,859,928.00 in accrued pre-judgment interest (consisting of $1,241,531 for the period from June 1, 2022 through October 3, 2023, and $618,397 for the period from October 4, 2023 to March 19, 2024), and (3) post-judgment interest at the rate of 0.015% per day from the date of the judgment, through the date the judgment is fully satisfied. *Id.*, ¶ 10, Exh. 1.

### C. Settlement Agreement and Stipulated Dismissal

On April 23, 2024, the Parties entered into a Settlement Agreement and Mutual Release ("Settlement Agreement"), relating to the Delaware Action and California Action. *Id.*, ¶ 11, Exh. 2.

On April 24, 2024, this Court entered a Stipulation and Order to Dismiss Action ("Stipulated Order to Dismiss") in the California Action. Pursuant to the Parties' stipulation, the Stipulated Order to Dismiss: (1) dismissed the California Action pursuant to Federal Rule of Civil Procedure ("FRCP") 41(a)(1)(A)(ii) with prejudice as to all Claims and Counterclaims between the Parties, and (2) explicitly provided that the Court shall retain jurisdiction of the California Action for purposes of enforcing the Settlement Agreement. *Id.*, ¶ 12, Exh. 3.

### D. Terms of the Settlement Agreement

#### 1. Payment

The Settlement Agreement provides that Hosie Rice shall pay to Frome Wye the total sum of $3,000,000 pursuant to the following payment schedule:

|      | Date                                   | Amount $  |
|------|----------------------------------------|-----------|
| i.   | By no later than April 10, 2024        | 1,500,000 |
| ii.  | By no later than June 1, 2024          | 300,000   |
| iii. | By no later than September 1, 2024     | 250,000   |
| iv.  | By no later than December 1, 2024      | 250,000   |
| v.   | By no later than December 1, 2024      | 250,000   |
| vi.  | By no later than June 1, 2025          | 250,000   |

| | | |
|---|---|---|
| vii. | By no later than September 1, 2025 | 200,000 |

*see id.*, ¶ 11, Exh. 2 (Settlement Agreement) at 2, ¶ I.B, (Payment).

### 2. Default

The Settlement Agreement describes two kinds of default – "Notice Default" and "Longstop Default" – in the event that Hosie Rice fails to make any of the above payments on a timely basis. *Id.*, Exh. 2 at 3-4, ¶ I.B (Payment). In relevant part, the Settlement Agreement provides that:

"If Hosie Rice fails to make any of the above payments on a timely basis, Frome Wye will provide Hosie Rice with notice of the failure to make such payment by . . . (a) email to Spencer Hosie (shosie@hosielaw.com) and/or Diane Rice (drice@hosielaw.com)." *Id.*, Exh. 2 at 3, ¶ I.B(a). The date that the email is sent to Hosie Rice is known as the "Email Notice Date" or "Notice Date." *Id.*, Exh. 2 at 3-4, ¶¶ I.B(a) and I.B.

Hosie Rice has five calendar days from any Notice Date to cure and make the delinquent payment, and if Hosie Rice fails to make the payment within the five-day cure period, Hosie Rice shall be in default of the Settlement Agreement (referred to as "Notice Default"). *Id.*, Exh. 2 at 4, ¶ I.B.

"Regardless of whether or not a Notice Date has occurred, if Hosie Rice fails to make any of the payments set out in the table at clause I(B) above within 30 days of each relevant date provided for in the table, Hosie Rice shall be in default of this Agreement" (referred to as "Longstop Default"). *Id.*

The Settlement Agreement states that "[e]ach of the Notice Default and the Longstop Default is a Default[,]" and that "[u]pon any Default, *and without further notice or demand*, Frome Wye may *immediately enforce its rights under the Judgment* and its security interests as further detailed in Section 1(c) of this Agreement." *Id.*, Exh. 2 at 4, ¶ I.B (emphasis added).

### 3. Forbearance of Enforcement of Judgment

Section I(c) of the Settlement Agreement provides, in relevant part, that

6

"[s]ubject to Hosie Rice's strict and timely compliance with each and every obligation set forth in this Agreement, Frome Wye agrees to forbear enforcing the Judgment . . . and its security interests . . . until the full Payment is received. *Id.*, Exh. 2 at 4, ¶ I.C (Forbearance of Enforcement).

Moreover, "Frome Wye's obligation hereunder to forbear [enforcement of the Judgment] shall *immediately terminate*, and Frome Wye may *immediately* enforce its rights under the Judgment against Hosie Rice's assets, wherever located, upon the occurrence of a Default" and/or upon additional occurrences, including if "Hosie Rice, or any of them, fails to timely perform any one or more of its obligations set forth in this Agreement." *Id.*, Exh. 2 at 4-5, ¶ I.C (Forbearance of Enforcement) (emphasis added); *see also id.*, Exh. 2 at 9, ¶ III.J (Enforceability).

The Settlement Agreement further provides that "[i]n any enforcement or collection exercise resulting from the termination of the above-described Forbearance, Frome Wye will give credit for any portion of the Payment that was received. Any such credit will apply: first, to the pre-judgment interest element of the Judgment; second, to the post-judgment interest element of the Judgment; and third, to the contractual damages element" of the Judgment. *Id.*, Exh. 2 at 5, ¶ I.C (Forbearance of Enforcement); *see also id.*, Exh. 2 at 11 (Schedule 1).

### 4. Enforceability and Retention of Jurisdiction

Section III(J) of the Settlement Agreement provides that the Settlement Agreement "may be enforced by any Party under California Code of Civil Procedure section 664.6 or by any other procedure permitted by law in the United States District Court for the Northern District of California ('District Court')." *Id.*, Exh. 2 at 8-9, ¶ III.J (Enforceability).

In addition, "[t]he Parties agree that Judge Edward M. Chen of the District Court may retain jurisdiction for purposes of enforcing the Agreement, or another District Court judge if Judge Chen is unavailable." *Id.*

### 5. Attorneys' Fees

The Settlement Agreement also contains an attorneys' fees provision, providing that the "prevailing Party in any litigation, arbitration or other formal or informal resolution of any claim . . . based upon, arising from, or in any way related to this Agreement, including enforcement of the Judgment and collection of the Judgment" shall be entitled to recover all "costs incurred . . . including without limitation all of its attorneys' fees and costs, whether recoverable court costs or out-of-pocket costs of any and every kind[.]" *Id.*, Exh. 2 at 9, ¶ III.K (Attorneys' Fees).

### E. Hosie Rice's Default on the Settlement Agreement

Hosie Rice made the initial installment payment of $1,500,000 but failed to pay Frome Wye the second installment payment of $300,000 by no later than June 1, 2024. *See id.*, ¶ 13; Exh. 2 at 2, ¶ I.B(ii). Frome Wye provided to Hosie Rice notice of its failure to timely make the second installment payment of $300,000 on June 3, 2024. *Id.*, ¶ 14. Therefore, the "Notice Date" was June 3, 2024. *See id.* Exh. 2 at 3-4, ¶¶ I.B(a) and (e).

Hosie Rice failed to timely cure the default within five calendar days of the Notice Date by making the delinquent payment of $300,000 within five calendar days of the Notice Date. *Id.*, ¶ 15. Thus, **Hosie Rice defaulted on the Settlement Agreement on June 8, 2024** ("Notice Default"). *See id.*, Exh. 2 at 4, ¶ I.B.

Moreover, because Hosie Rice failed to make the second installment payment of $300,000 by July 1, 2024 (30 days from when the second installment payment was due on June 1, 2024), **Hosie Rice also defaulted on the Settlement Agreement on July 1, 2024** ("Longstop Default"). *See id.*, Exh. 2 at 4, ¶ I.B.

### III. LEGAL ARGUMENT

#### A. Legal Standard

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987); *see also In re City Equities Anaheim, Ltd.*, 22 F.3d 954,

PLAINTIFF FROME WYE LIMITED'S EX PARTE APPLICATION FOR
ENTRY OF JUDGMENT ON SISTER-STATE JUDGMENT

957 (9th Cir. 1994); *TNT Marketing Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986).

The basis for a district court's jurisdiction in action to enforce a settlement agreement may be furnished by a separate provision retaining jurisdiction over the settlement agreement, or by incorporating the terms of the settlement agreement in the order. *Flanagan v. Arnaiz*, 143 F.3d 540, 544 (9th Cir. 1998) (internal quotation marks and citations omitted).

California Code of Civil Procedure ("CCP") Section 664.6 empowers this Court to enter judgment against Defendants pursuant to the terms of the Settlement Agreement. Section 664.6 provides, in relevant part, that "[i]f parties to pending litigation stipulate, in a writing signed by the parties outside of the presence of the court . . . for settlement of the case . . . the court, upon motion, may enter judgment pursuant to the terms of the settlement." Further, "[i]f requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." CCP § 664.6.

California courts have held that an application for entry of judgment pursuant to the terms of a settlement agreement may be brought on an ex parte basis as CCP Section 664.6 "does not on its face require a noticed motion. The words 'upon motion' generally mean a request of a party." *Needelman v. DeWolf Realty Co.*, 239 Cal. App. 4th 750, 764, (2015), *as modified on denial of reh'g* (Aug. 18, 2015) (citing *Oppenheimer v. Deutchman* 132 Cal.App.2d Supp. 875, 879 (1955)).

**B.      Hosie Rice is in Default on the Settlement Agreement**

Hosie Rice failed to make the required installment payment of $300,000 on a timely basis, failed to timely cure the default by making the delinquent payment within the cure period of five calendar days of the Notice Date, and has thus defaulted under the Settlement Agreement. *Id.*, ¶¶ 13-15; *see also id.*, Exh. 2 at 3-4, ¶¶ I.B(a) and (e) (describing Notice Default and Longstop Default).

Hosie Rice was required to pay this amount by no later than June 1, 2024.

Hosie Rice was provided notice of its failure to pay on June 3, 2024 and failed to cure or make the delinquent payment within five calendar days of the Notice Date. *Id.*, ¶¶ 13-15.  Nor did Hosie Rice make the required payment within 30 days of June 1, 2024.  *Id.*, ¶ 15.  Accordingly, Hosie Rice is in both Notice Default and Longstop Default.  *See id.*, Exh. 2 at 3-4, ¶ I.B(a) and (e).

### C. This Court Should Enter Judgment Against Hosie Rice Forthwith

As Hosie Rice has defaulted under the Settlement Agreement without cure, Frome Wye may immediately enforce its rights under the Settlement Agreement without further notice or demand to Hosie Rice.  *Id.*, Exh. 2 at 4, ¶¶ I.B and I.C.  As part of its efforts to enforce its rights under the Settlement Agreement, Frome Wye intends to enforce its rights under the Delaware Judgment against Hosie Rice's assets, and therefore requests that the Court domesticate the Delaware Judgment so that it can be enforced in California.  *Id.*, Exh. 2 at 4, ¶ I.C.

Accordingly, Frome Wye requests that this Court enforce the terms of the Settlement Agreement and enter judgment against Hosie Rice based on the Judgment in the Delaware Action, in the amount of the unpaid balance of $2,219,445.80.

#### 1. This Court Retained Jurisdiction to Enforce the Settlement Agreement

The Settlement Agreement and Stipulated Order to Dismiss both provide that the Court retains jurisdiction for the purposes of enforcing the Agreement.  *See id.*, Exh. 2 (Settlement Agreement) at 9, ¶¶ III.J (this Court "retains jurisdiction for purposes of enforcing the Agreement"); *id.*, Exh. 3 (Stipulated Order to Dismiss) at 4, ¶ 2 ("With the consent of the Parties, the Court shall retain jurisdiction for the purposes of enforcing the terms of the Parties' settlement agreement.").

#### 2. This Court has Authority to Enter Judgment on an Ex Parte Basis Pursuant to CCP Section 664.6

Pursuant to the Settlement Agreement, in the event of any Default by Hosie

1  Rice, Frome Wye may immediately enforce its rights under the Delaware Judgment
2  against Hosie Rice's assets, wherever located, without any further notice or demand.
3  *See id.* at 4-5, ¶¶ I.B-C.

4  The Settlement Agreement further provides that Frome Wye may enforce the
5  Settlement Agreement by bringing a motion under CCP Section 664.6, which Courts
6  have held "does not on its face require a noticed motion." *Needelman v. DeWolf
7  Realty Co.*, 239 Cal. App. 4th 750, 764, (2015), *as modified on denial of reh'g* (Aug.
8  18, 2015) (allowing an ex parte motion under CCP § 664.6 where the settlement
9  agreement at issue explicitly permitted such a motion to be brought on an ex parte
10 basis and explaining that "upon motion" generally means by request of a party).

11 Therefore, this Court has jurisdiction to enforce the terms of the Settlement
12 Agreement and enter judgment against Hosie Rice on an ex parte basis, as
13 authorized by CCP Section 664.6 and in accordance with L.R. 7-10.

### D. Frome Wye Reserves its Rights to Recover Attorneys' Fees and Costs

16 CCP Sections 685.040 and 1033.5(a)(10)(A) provide that a judgment creditor
17 is entitled to its costs incurred with enforcing a judgment, including its attorney's
18 fees when authorized by contract. Filing fees and service fees are also recoverable
19 as costs. *See* §§ 1033.5(a)(1); 1033.5(a)(4).

20 Here, the Settlement Agreement expressly provides that Frome Wye is
21 entitled to recover from Hosie Rice its attorneys' fees and costs incurred in
22 connection with "enforcement of the Judgment and collection of the Judgment debt
23 outstanding owing to Frome Wye[.]" Friel Decl., Exh. 2 at 9, ¶ III.K (Attorneys'
24 Fees).

25 Accordingly, Frome Wye is entitled to recover its attorneys' fees and costs
26 incurred in connection with this application for entry of judgment on sister-state
27 judgment and any subsequent necessary enforcement and collection actions, and
28 hereby reserves the right to request such fees and costs. *See* CCP §§ 685.040;

1033.5(a)(1).

## IV. CONCLUSION

Given the above, Frome Wye respectfully requests that the Court enforce the terms of the Settlement Agreement and enter judgment based upon the sister-state judgment against Hosie Rice forthwith.

Dated:  August 22, 2024  　　　　　　　LUBIN OLSON & NIEWIADOMSKI LLP

By: _____/s/ Mia S. Blackler_____
　　　Mia S. Blackler

Attorneys for Plaintiff and Counter-Defendant
FROME WYE LIMITED